IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-20164
Summary Calendar
_____


HOME CAPITAL COLLATERAL, INC.,

                         Plaintiff-Appellant,

        versus

FEDERAL DEPOSIT INSURANCE CORPORATION,

                         Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
(CA-H-95-4210)
_____
September 5, 1996
Before KING, WIENER, and STEWART, Circuit Judges.

PER CURIAM:

    Home Capital Collateral, Inc. appeals the district court's

dismissal of its complaint with prejudice for lack of subject

matter jurisdiction and failure to state a claim.  Finding no

error, we affirm.

## I. BACKGROUND

### A. FACTS

    In 1980 and 1981, Home Capital Collateral, Inc. ("Home

Capital") originated loans in connection with first mortgage

loans originated by Unifirst Federal Savings and Loan Association ("Unifirst"). Home Capital's loans were secured by a second lien on property on which Unifirst held a first lien. To induce Home Capital to make loans secured by a junior lien, Unifirst agreed to maintain private mortgage insurance ("PMI") and to assign the PMI proceeds on a priority basis to the junior loans owned by Home Capital. Unifirst also serviced the loans on behalf of Home Capital.

Thereafter, the Resolution Trust Corporation ("RTC") placed Unifirst into receivership, and the RTC as receiver for Unifirst ("RTC Receiver")and Home Capital entered the Mortgage Investment and Servicing Agreement (the "Agreement"), which indicated that RTC Receiver would assume Unifirst's responsibility for servicing the loans. The Agreement provided that the loans would be serviced in accordance with mortgage industry standards and that PMI would be maintained on the loans. RTC Receiver then subcontracted its responsibilities under the Agreement to certain mortgage companies.

Home Capital alleges that the RTC and/or its subcontractor violated the Agreement by allowing the PMI to expire by failing to pay the premium, by failing to timely notify the PMI issuer of defaults on the loans, and by failing to act on events of default, giving the PMI issuer a defense against payment under the policy.

2

**B. PROCEDURE**

In 1994, Home Capital filed a Proof of Claim with the RTC against RTC Receiver and RTC in its corporate capacity ("RTC Corporate"), to recover $ 578,160.03 in damages for the RTC's negligent servicing of the loans and failure to maintain the PMI in violation of the Agreement. The 180-day period for RTC review of Home Capital's claim was twice extended by mutual agreement in writing between the parties, in accordance with 12 U.S.C. § 1821(d)(5)(A)(ii). On January 19, 1995, the RTC requested another extension, which would have enlarged the claims review period to February 18, 1995. The January 19 letter advised Home Capital that:

> Pursuant to 12 U.S.C. § 1821(d)(6)(A), if you do not agree to the extension of time, you may, on or prior to March 20, 1995, file suit on your claim. . . . If you do not agree to the extension of time and do not take the appropriate action within the 60 day period, your claim will be deemed disallowed, the disallowance will be final, and you shall have no further rights or remedies with respect to your claim.

Home Capital did not agree to the extension by signing and returning the letter to the RTC. Home Capital made no further response to the RTC.

On August 24, 1995, Home Capital filed a complaint in the United States District Court for the Southern District of Texas against the RTC alleging breach of contract and breach of fiduciary duty based on the RTC's failure to maintain the PMI and

3

to properly service the loans. The RTC filed a motion to dismiss Home Capital's complaint for lack of subject matter jurisdiction as against RTC Receiver and a motion to dismiss for failure to state a claim against RTC Corporate. Home Capital responded to the RTC's motions to dismiss, and the district court held argument on the motions.

On February 6, 1996, the district court dismissed Home Capital's complaint against RTC Receiver for lack of subject matter jurisdiction and against RTC Corporate for failure to state a claim. Home Capital filed a timely notice of appeal.

## II. DISCUSSION

### A. JURISDICTION

The district court concluded that it lacked subject matter jurisdiction over Home Capital's claims against RTC Receiver because Home Capital failed to file its complaint within the time limit required by the administrative claims review procedure ("ACRP") of the Financial Institution Reform, Recovery, and Enforcement Act of 1989 ("FIRREA") at 12 U.S.C. § 1821(d). Home Capital argues that the district court erred because the ACRP applies only to claims against the assets of the failed financial institution and does not apply to post-receivership claims based on the actions of RTC Receiver, such as Home Capital's claim.

4

We review the district court's dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) de novo. Carney v. RTC, 19 F.3d 950, 954 (5th Cir. 1994). "Subject matter jurisdiction is determined at the time the complaint was filed." Id.

FIRREA, in 12 U.S.C. § 1821(d)(3), (5) and (6), establishes the ACRP, which governs the filing, determination, and payment of claims after the appointment of the RTC or the Federal Deposit Insurance Corporation ("FDIC") as receiver for a failed financial institution. Upon appointment as receiver, the RTC or FDIC must publish, as well as mail to known creditors, notice that the failed financial institution's creditors must file all claims with the receiver by a specified date not less than ninety days after the date of publication. 12 U.S.C. § 1821(d)(3)(B),(C); see Simon v. FDIC, 48 F.3d 53, 56 (1st Cir. 1995). Another provision allows the receiver to consider claims not filed by the specified date in limited circumstances. 12 U.S.C. § 1821(d)(5)(C). The receiver has 180 days from the date of the filing of a claim to allow or disallow the claim, although this time period may be extended by written agreement between the receiver and the claimant. 12 U.S.C. § 1821(d)(5)(A).

Section 1821(d)(6) allows judicial determination of claims filed within a certain time period after a claim has been disallowed by the receiver or after the 180-day period for the

5

receiver to consider the claim has expired.  This section

provides:

> **Provision for agency review or judicial determination of claims**
> **(A) In general**
> Before the end of the 60-day period beginning on the earlier of--
>> (i) the end of the period described in paragraph (5)(A)(i) with respect to any claim against a depository institution for which the Corporation is receiver [the 180-day period]; or
>> (ii)the date of any notice of disallowance of such claim pursuant to paragraph (5)(A)(i),
> the claimant may . . . file suit on such claim . . . in the district . . . court of the United States . . .
> **(B) Statute of Limitations**
> If any claimant fails to--
>> . . . .
>> (ii)file suit on such claim . . .
> before the end of the 60-day period described in subparagraph (A), the claim shall be deemed to be disallowed . . . as of the end of such period, such disallowance shall be final, and the claimant shall have no further rights or remedies with respect to such claim.

12 U.S.C. § 1821(d)(6).

The record reflects that Home Capital filed a proof of claim with RTC Receiver and that the 180-day administrative review period for Home Capital's claim initially expired on November 28, 1994, but was extended by written agreement of the parties until January 19, 1995.  The sixty-day period for filing suit on this claim under § 1821(d)(6)(A) thus ended on March 20, 1995.  Home Capital does not dispute these dates.  As Home Capital did not file its complaint in the district court until August 24, 1995,

6

the suit was filed outside of the statutory time limits and, if the ACRP applies to Home Capital's claim, the district court correctly concluded that it lacked subject matter jurisdiction over Home Capital's complaint. Under § 1821(d)(6)(B), "the claim shall be deemed to be disallowed . . . , such disallowance shall be final, and the claimant shall have no further rights or remedies with respect to such claim."

However, Home Capital argues that because its claim is against the RTC Receiver and not the assets of Unifirst, and because its claim arose after the commencement of the receivership, the ACRP, specifically the time limitation for filing suit of § 1821(d)(6)(A), does not apply to its claim.

We note that, even if Home Capital's argument were true and the ACRP does not apply to post-receivership claims based on the acts of the receiver, the district court would still have lacked subject matter jurisdiction over Home Capital's complaint by virtue of § 1821(d)(13)(D). See Hudson United Bank v. Chase Manhattan Bank, 43 F.3d 843, 848 (3d Cir. 1994). Section 1821(d)(13)(D) expressly limits federal court jurisdiction over such claims as follows:

> Except as otherwise provided in this subsection, no
> court shall have jurisdiction over--
>         (i) any claim or action for payment from, or
>         any action seeking a determination of rights
>         with respect to, the assets of any depository
>         institution for which the Corporation [RTC or
>         FDIC] has been appointed receiver, including
>         assets which the Corporation may acquire from
>         itself as such receiver; or

7

(ii) <u>any claim relating to any act or omission of</u> such institution or <u>the Corporation as receiver</u>.

12 U.S.C. § 1821(d)(13)(D)(emphasis added).  This provision has been interpreted as imposing a statutory exhaustion requirement rather than an absolute bar to jurisdiction.  <u>See</u> <u>Meliezer v. RTC</u>, 952 F.2d 879, 882 (5th Cir. 1992); <u>Rosa v. FDIC</u>, 938 F.2d 383, 391 (3d Cir.), <u>cert. denied</u>, 502 U.S. 981 (1991).

Home Capital's claim against RTC Receiver for its actions in negligently servicing Home Capital's loans and breaching the Agreement comes within the language of § 1821(d)(13)(D)(ii), as a "claim relating to any act or omission of . . . the Corporation as receiver"; therefore, the district court would have no jurisdiction over Home Capital's claim "except as otherwise provided" in § 1821(d).  As § 1821(d)(6) is the only provision of subsection (d) "otherwise providing" for judicial determination of claims, if § 1821(d)(6) does not apply, the district court lacks subject matter jurisdiction over Home Capital's complaint irrespective of Home Capital's compliance with the ACRP.

We agree with the district court that the weight of authority indicates that all claims subject to the jurisdictional bar of § 1821(d)(13)(D), including both claims against the receiver and against the assets of the failed financial institution, and both pre-receivership and post-receivership claims, must comply with the ACRP established in § 1821(d),

8

including § 1821(d)(6)(A)'s time limitations for filing in district court. See Simon, 48 F.3d at 58 (dismissing claim for damages arising from receiver's repudiation of contract for failure to exhaust administrative remedies); Hudson United Bank, 43 F.3d at 849 (holding that the ACRP of § 1821(d) applies to claims against the receiver as well as claims against the failed financial institution); Rosa, 938 F.2d at 392 (holding that claims related to the RTC's post-receivership termination of a retirement plan for employees of failed institution were subject to the ACRP of § 1821(d)); Office & Professional Employees Int'l Union v. FDIC, 962 F.2d 63, 66 (D.C. Cir. 1992) (determining that the ACRP applies to claims arising out of the receiver's acts in terminating bank operations and discharging employees).

Therefore, we conclude that the district court correctly dismissed Home Capital's claims against RTC Receiver for lack of subject matter jurisdiction, as Home Capital's complaint was not filed within the time limitations established by § 1821(d)(6)(A).

## B. FAILURE TO STATE A CLAIM

Home Capital contends that its complaint contains allegations against RTC Corporate, which are not required to be presented to the receiver through the ACRP of § 1821(d). The district court dismissed Home Capital's complaint as against RTC Corporate for failure to state a claim, reasoning that RTC

9

Corporate does not incur liability for actions taken by the RTC in its capacity as receiver for a failed financial institution.

We review a dismissal for failure to state a claim under the same standard used by the district court: a claim may not be dismissed unless it appears certain that the plaintiff cannot prove any set of facts in support of its claim that would entitle it to relief. Carney, 19 F.3d at 954.

Home Capital makes no allegations of dealings between itself and RTC Corporate; indeed, the allegations of its complaint are based on breach of a contract entered into by Home Capital and RTC Receiver. Home Capital does not claim that RTC Corporate is even a party to this contract. Rather, Home Capital argues that the distinction between RTC's corporate and receivership capacities is a "mere hyper technicality" that "in reality . . . is just a blur." However, we have held that "[t]he RTC, in its corporate capacity, is not liable for claims against the RTC in its capacity as conservator or receiver." Howerton v. Designer Homes by Georges, Inc., 950 F.2d 281, 283 (5th Cir. 1992); cf. Stowell v. MacAndrews & Forbes, 956 F.2d 96, 98 (5th Cir. 1992)(stating that a suit based on a contract claim cannot be brought against FDIC Corporate because all contractual obligations remain with FDIC Receiver). Therefore, the district court correctly dismissed Home Capital's complaint as against RTC Corporate for failure to state a claim.

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.