David L. **MONTGOMERY**

v.

**THE UNITED STATES ARMY CORPS OF ENGINEERS**

No. CIV.A. G–00–361.

United States District Court,
S.D. Texas,
Galveston Division.

Jan. 18, 2001.

**434**

James Montgomery Bennett, Attorney at Law, Dickinson, TX, for David L Montgomery, plaintiffs.

William Brad Howard, Office of U.S. Attorney, Houston, TX, for the United States Army Corps of Engineers, defendants.

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

KENT, District Judge.

Plaintiff, a civilian employee of the United States Army Corps of Engineers, brings suit alleging that his employer breached the collective bargaining agreement it had with Plaintiff's work unit and also breached an oral contract. Now before the Court are Defendant's Motion to Dismiss For Lack of Subject Matter Jurisdiction and Motion to Dismiss for Failure to State a Claim. For the reasons stated below, Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction is **GRANTED** and the Motion to Dismiss for Failure to State a Claim is not reached.

## I. BACKGROUND

Plaintiff is a licensed professional engineer for the Defendant, the United States Army Corps of Engineers, Galveston Division ("Corps of Engineers"). In March of 1998, the Chief of the Engineering Division in the Galveston District, Joe P. Jarrell, allegedly offered Plaintiff a Team Leader position with the promise of more money and retention of his window seat,[1] to which Plaintiff had been assigned when he reached the position of GS 12. On April 1, 1998, Plaintiff was officially appointed as Team Leader and assigned specific duties. Nevertheless, Plaintiff claims he did not receive the higher pay that he was promised and his window seat was later taken away. On October 20, 1999 he filed a grievance with the Corps of Engineers requesting back pay, a higher rate of pay, appointment to GS 14, and recovery of his window seat. Plaintiff's grievance was denied on December 7, 1999 by Ernest H. Wittig, Chief of the Galveston Corps Engineering Branch, again on March 3, 2000 by Harry G. Kohler, Chief of the Galveston District Engineering and Construction Section, and finally on March 16, 2000 by Colonel Nicholas J. Buechler, District Engineer for the Galveston District. On May 22, 2000, Darrell A. Davis, Chief Union Steward for the Galveston District, notified Plaintiff that the Union

---

1. Other than an unhelpful reference to it as "nonmonetary compensation," the briefing does not define "window seat." The Court is thus unsure whether it is some term of art or refers literally to a seat in the office next to a window. As Plaintiff complains of being moved to "less desirable location," the Court assumes the latter.

would not take the grievance to arbitration with Corps. Plaintiff then filed suit in this Court, claiming that under the collective bargaining agreement in force at the time ("CBA"), he should have been classified as GS 14 and that the Government breached an oral contract by taking away his window seat.

## II.  *LEGAL STANDARD*

A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *See Home Builders Ass'n of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir.1998). The burden of proof on a motion to dismiss under Rule 12(b)(1) is on the party asserting jurisdiction. *See Strain v. Harrelson Rubber Co.,* 742 F.2d 888, 889 (5th Cir. 1984); *McDaniel v. United States,* 899 F.Supp. 305, 307 (E.D.Tex.1995).

A motion to dismiss pursuant to Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6). *See Home Builders Ass'n of Miss., Inc.,* 143 F.3d at 1010; *Benton v. United States,* 960 F.2d 19, 20 (5th Cir. 1992). When considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court accepts as true all well-pleaded allegations in the complaint, and views them in a light most favorable to the plaintiff. *See Malina v. Gonzales,* 994 F.2d 1121, 1125 (5th Cir.1993). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez–Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir.1993).

Unlike a motion for summary judgment, a motion to dismiss should be granted only when it appears without a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Home Builders Ass'n of Miss., Inc.,* 143 F.3d at 1010 (standard applied in context of Rule 12(b)(1)); *Home Capital*

*Collateral Inc. v. FDIC,* 96 F.3d 760, 764 (5th Cir.1996)(applying standard in context of Rule 12(b)(6)); *Tuchman v. DSC Communications Corp.,* 14 F.3d 1061, 1067 (5th Cir.1994)(Rule 12(b)(6)). The United States Court of Appeals for the Fifth Circuit has noted that dismissal for failure to state a claim is disfavored and will be appropriate only in rare circumstances. *Mahone v. Addicks Util. Dist. Of Harris County,* 836 F.2d 921, 926 (5th Cir.1988).

## III.  *ANALYSIS*

■■■ Defendant argues that Plaintiff's case should be dismissed because it is preempted by the Civil Service Reform Act of 1978, 5 U.S.C. § 7101 et seq. ("CSRA") which provides " 'an elaborate . . . framework for evaluating adverse personnel actions against [federal employees].' " *Rollins v. Marsh,* 937 F.2d 134, 137 (5th Cir.1991)(citing *United States v. Fausto,* 484 U.S. 439, 443, 108 S.Ct. 668, 672, 98 L.Ed.2d 830 (1988)). The CSRA provides the exclusive remedy for personnel decisions arising out of a federal employment relationship. *See Bush v. Lucas,* 462 U.S. 367, 386, 103 S.Ct. 2404, 2415, 76 L.Ed.2d 648 (1983)(holding that the CSRA provides the exclusive remedy even for cases involving first amendment violations); *Grisham v. United States,* 103 F.3d 24, 26 (5th Cir.1997)(holding that the CSRA provides the exclusive remedy even for cases under the Whistleblower Protection Act); *Morales v. Dep't of the Army,* 947 F.2d 766, 769 (5th Cir.1991); *Rollins,* 937 F.2d at 137, 139–40. Under the CSRA, a collective bargaining agreement negotiated between a union and an employer provides the "procedures for the settlement of grievances, including questions of arbitrability." 5 U.S.C. § 7121(a)(1). Moreover, these negotiated procedures constitute "the exclusive administrative procedures for resolving grievances which fall within its coverage." *Id.*

The CBA involved in this case defines "grievance" to include claims, such as that

of Plaintiff, alleging breach of the CBA. Under the CBA's grievance procedure, the aggrieved employee may submit grievances to various supervisors. Failing a favorable outcome at this level, the employer or union may refer the matter to binding arbitration. Plaintiff filed the required grievances, all of which were denied. Neither the employer nor the Union chose to refer this matter to arbitration in this instance. Under the CSRA, even having exhausted administrative remedies, Plaintiff is not entitled to judicial review. *See Morales,* 947 F.2d at 768.

■ Plaintiff argues, however, that his claims fall within an exception to the grievance requirement contained in 5 U.S.C. § 7121(c)(5). Section 7121(c) excludes from the grievance requirement, among other things, grievances regarding "the classification of any position which does not result in the reduction in grade or pay of an employee." *Id.* The CBA likewise excludes such grievances from the grievance procedure, using identical language. Plaintiff makes the clever argument that because his grade and salary was never reduced, just not increased as promised, the exception applies. The Court concludes, however, that even if Plaintiff's claims come within the exception, which the Court doubts, judicial review is nevertheless foreclosed.

The meaning of the exception contained 5 U.S.C. § 7121(c)(5) is apparently a question of first impression. In determining its meaning, the Court gains insight from the statute governing the appellate jurisdiction of the Merit Systems Protection Board ("MSPB"), a panel which considers certain adverse personnel decisions. Under 5 U.S.C. § 7512(3),(4), an employee may appeal to the MSPB for, among other things, "a reduction in grade" or "a reduction in pay." *See also* 5 U.S.C. § 7513(d). Like in section 7121(c)(5), reassignments not involving a reduction in grade or pay are excluded. *See Wood v. Merit Systems Protection Bd.,* 938 F.2d 1280, 1282 (Fed. Cir.1991); *Artmann v. Dep't of the Interi-*

*or,* 926 F.2d 1120, 1122 (Fed.Cir.1991); *Wilson v. Merit Systems Protection Bd.,* 807 F.2d 1577, 1579 (Fed.Cir.1986). Nevertheless, Courts have held the MSPB's lack of jurisdiction to consider reassignments not involving reductions in grade or pay does not give plaintiffs alleging such claims the right to proceed in federal district court. In *Broadway v. Block,* 694 F.2d 979 (5th Cir.1982), the Plaintiff, a federal employee who was reassigned but did not suffer a reduction in grade or pay, had brought suit in federal district court asking for reinstatement and damages. The Court first noted that the only source of federal district court review for a federal employee under the CSRA is for certain cases of discrimination. *See id.* at 983 (citing 5. U.S.C. § 7703(b)(2)). The Court held that the MSPB did not have jurisdiction over the plaintiff's claims and that the proper course of action was for the plaintiff to bring the matter, not to court, but to the attention of the Special Counsel of the MSPB who is authorized to investigate "any allegation concerning activities prohibited by any civil service law, rule, or regulation." *Id.* at 982 (internal citations omitted). The Special Counsel, the Court noted, may request that the MSPB consider and take action on the matter. *See id.* In a subsequent case, the Court reached a similar conclusion with regard to an employee, classified at the level of GS 14, claiming that he should have been classified at the level of GS 15. *See Towers v. Horner,* 791 F.2d 1244, 1247 (5th Cir.1986). Section 7512 embodies the principle that the federal government, as an employer, should be able to reclassify positions while retaining pay and grade without being faced with administrative actions. The limit on the MSPB's jurisdiction "was perceived as a clear quid pro quo arrangement; in return for surrendering the right to appeal individual reassignment decisions, federal employees were accorded significantly greater financial and grading protections in case of downgrades." *Atwell v. Merit Systems Protection Bd.,* 670 F.2d 272, 283 (D.C.Cir.1981). While nei-

ther *Broadway* nor *Towers* had reason to consider section 7121(c)(5), this Court interprets this provision in a similar fashion. Section 7121(c)(5), like section 7512, does not authorize suits in federal district court, but rather eliminates review in certain cases altogether. The alternative reading would lead to the absurd result that judicial review is available to those claiming reassignments not involving reductions in grade or pay, but not to those actually suffering a loss of grade or pay. *Cf. Towers*, 791 F.2d at 1246; *Carducci v. Regan*, 714 F.2d 171, 174 (D.C.Cir.1983)("[T]he exhaustive remedial scheme of the CSRA would be impermissibly frustrated by permitting, for lesser personnel actions not involving constitutional claims, an access to the courts more immediate and direct than the statute provides with regard to major adverse actions."). Plaintiff's claims, however, are arguably not of the type envisioned by the statutory exception; his claims are not based on a simple reclassification without loss of grade or pay, but rather, in essence, are based on the denial of a promised promotion. Whether or not Plaintiff's claims come within the exception, however, review by this Court is foreclosed.

### IV. *CONCLUSION*

For the reason stated above, Defendant's Motion to Dismiss For Lack of Subject Matter Jurisdiction is **GRANTED.** Defendant's Motion to Dismiss for Failure to State a Claim is not reached. The parties are ordered to bear their own costs in the matter incurred herein to date.

**IT IS SO ORDERED.**

### FINAL JUDGMENT

For the reasons set forth in the Order issued this date, Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction is hereby **GRANTED** and Judgment is entered for Defendant. All parties are **ORDERED** to bear their own costs and attorney's fees incurred herein to date.

**THIS IS A FINAL JUDGMENT.**

**IT IS SO ORDERED.**