**Kinslie LATIMER, Plaintiff**

v.

**Shon WISE d/b/a the Rib Cage Restaurant, Defendant**

**No. CIV.A. 1:00CV712.**

United States District Court, E.D. Texas, Beaumont Division.

Aug. 2, 2001.

Kevin Michael Jordan, Pamela D. Williams, Sheldon Jordan & Dunham, Beaumont, TX, for Plaintiff.

James A. Morris, Jr., Provost & Umphrey, Beaumont, TX, for Defendant.

**MEMORANDUM OPINION**

COBB, District Judge.

Before the Court is Defendant's Motion to Dismiss Under FED. R. CIV. P. 12(b)(1), and the Court having reviewed the motion and response on file is of the opinion that the motion be DENIED.

**I. Background.**

Plaintiff Kinslie Latimer was employed as a cashier and waitress by Defendant Shon Wise at the Rib Cage Restaurant, which is owned by the defendant with his wife, Jennifer. The plaintiff commenced

work at the Rib Cage in October, 1998. She asserts that she was soon subjected to sexual harassment by the Rib Cage's cook, Ron Ford, which allegedly continued throughout her employment. This sexual harassment allegedly consisted of "inappropriate touchings, inappropriate comments and language, as well as threatening Plaintiff with a butcher knife." *See* Plaintiff's Original Complaint at 2.

Ms. Latimer asserts that she complained of the harassment to Shon and Jennifer Wise, whose responses were allegedly limited to advising the plaintiff to "ignore him, he acts like that to everyone" and that Mr. Ford could not be fired "until [defendant] could find another cook." *Id.*

This conduct apparently continued despite Ms. Latimer's continued complaints. She asserts that the harassment in fact "heightened" and "escalated" during that time, leading her to leave employment on April 11, 1999. She characterizes her departure as a constructive discharge.

The plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on May 28, 1999 and received a "right to sue" letter from the EEOC dated May 1, 2000. She subsequently and timely filed this lawsuit asserting that Shon Wise, doing business as the Rib Cage Restaurant, committed a violation of Title VII, 42 U.S.C. § 2000e, *et. seq.* by discriminating against her on the basis of her sex. Her assertions are that she was subjected to sexual harassment by cook Ron Ford, that the defendant failed to take appropriate action to ensure an environment free from sexual harassment and that her resignation (allegedly along with four other female employees not joined in this complaint) was the result of such harassment.

The defendant moves to dismiss this action on the basis that this Court has no subject matter jurisdiction under FED. R. CIV. P. 12(b)(1). He does so on his assertion that the Rib Cage Restaurant employs fewer employees than is required to maintain a sexual harassment action under Title VII.

## II. Standard for Judgment on Rule 12(b)(1) Motion.

A motion under 12(b)(1) should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of her claim that would entitle her to relief. *See Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.,* 143 F.3d 1006, 1010 (5th Cir.1998). Analysis of a Rule 12(b)(1) motion is made under the same standard as a motion to dismiss under Rule 12(b)(6). *See Montgomery v. The United States Army Corps of Engineers,* 128 F.Supp.2d 433, 435 (S.D.Tex.2001). However, the United States Court of Appeals for the Fifth Circuit has noted that dismissal for failure to state a claim is disfavored and will be appropriate only in rare circumstances. *Id.* (citing *Mahone v. Addicks Util. Dist. of Harris County,* 836 F.2d 921, 926 (5th Cir.1988)).

When deciding such a motion to dismiss, a district court will construe the facts alleged in the complaint in the light most favorable to the plaintiff. *See Rosales v. City of San Antonio, Texas,* Civil Action No. SA–00–CA–0144 NN, 2001 WL 1168797, *3–4, 2001 U.S. Dist. LEXIS 10282, at *13–14 (W.D.Tex. Jul. 13, 2001). Thus, a court must take as true all of the complaint's uncontroverted factual allegations. *See The John Corp. v. City of Houston,* 214 F.3d 573, 576 (5th Cir.2000). A district court may order a dismissal for lack of subject matter jurisdiction on any of the three following bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Id.* The burden of proof on

a motion to dismiss under Rule 12(b)(1) is on the party asserting jurisdiction. *Montgomery*, 128 F.Supp.2d at 435. The United States Court of Appeals for the Fifth Circuit will review a district court's grant of dismissal for lack of subject matter jurisdiction *de novo* and will affirm if the court lacks the statutory or constitutional power to adjudicate the case. *The John Corp.*, 214 F.3d at 576.

### III. Analysis.

The defendant does nothing to controvert the plaintiff's claim of sexual harassment and physical threats by the defendant's cook, Ron Ford. The heart of this motion is Mr. Wise's assertion that he employs fewer than fifteen employees, by weekly summation, at the Rib Cage Restaurant. Therefore, he claims, he is not an "employer" subject to a Title VII sexual discrimination lawsuit.

Under Title VII, it is an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e–2(a)(1).

■ For the purposes of Title VII, the term "employer" means a person or entity engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person. *See Id.* § 2000e(b). Within the Fifth Circuit, the fifteen-employee requirement is a jurisdictional threshold in a Title VII employment discrimination case. *See Greenlees v. Eidenmuller Enters., Inc.*, 32 F.3d 197, 198 (5th Cir.1994); *Womble v. Bhangu*, 864 F.2d 1212, 1213 (5th Cir.1989); *Puckett v. Mangelsdorf, Inc.*, CA No. 3:96–CV–1240–R, 1997 WL

135614, *1, 1997 U.S. Dist. LEXIS 4815, at *3–4 (N.D.Tex. Mar. 14, 1997).

The defendant bases his claim that he is not an "employer" under Title VII on his submission of Exhibit One to his motion, consisting of his affidavit and photocopies of what purports to be "Time Sheets from 01/1998—10/08/1999" reflecting his weekly employee rolls. The time sheets are handwritten in ledger format and list by name the employees Mr. Wise asserts in his affidavit who he employed by day and week for each week in those months and years. They also reflect "Total Hour," "Gross" (assumedly referring to gross pay), "Fed," "SS," "Med," and "Total Pay," the last entries apparently referring to deductions for federal, social security and medicare deductions along with total net pay per employee per week. In his affidavit, Mr. Wise asserts, "[w]e did not employ 15 or more employees on each working day in each of 20 or more calendar weeks in the current or preceding year. In fact, on only 1 week during the year ending April 1999 did we employ 15 workers, same being the week ending September 11, 1998." On that basis, the defendant asserts that he does not qualify as an "employer" under Title VII.

■ Such an argument falls far short. First, the submission of photocopies of a hand-written ledger, using varying methods of entering employees' names (variously, by first initial and last name, by full first name only, and by first name and last initial depending on the week of entry) is imprecise and subject to manipulation when compared to, for example, income tax records. Presumably, the defendant did make the appropriate tax filings required by the Internal Revenue Service for each of his employees for each of the quarters and years involved. If so, he could far more readily substantiate his claims by offering formal tax records proving his

employees' status. That presumption may go too far, however, in light of the affidavit of the plaintiff's co-worker, Linda Gutierrez, submitted by the plaintiff in her response to the defendant's motion. Ms. Gutierrez substantiated the plaintiff's harassment claims in her affidavit and went on to swear that "[a]fter being employed at the Rib Cage I never received a W–2 form or any other tax documentation." Altogether, the exhibit offered by Mr. Wise in his motion is suspect.

Second, defendant's counsel has gone to great length in the motion to dismiss to cite a variety of cases for the proposition that Mr. Wise is not a Title VII employer, including a case in which the Fifth Circuit "recently noted" the Congress' policy reasons for enacting the fifteen-employee threshold. *See Grant v. Lone Star Co.*, 21 F.3d 649 (5th Cir.1994). However, as the plaintiff's response aptly points out, the method the defendant is trying to use to demonstrate his non-employer status was destroyed by the United States Supreme Court in *Walters v. Metropolitan Educational Enters., Inc.*, 519 U.S. 202, 117 S.Ct. 660, 136 L.Ed.2d 644 (1997). The unanimous *Walters* decision, authored by Justice Scalia, imposed the "payroll method" of determining employment status by an employer for Title VII purposes. *See Walters*, 519 U.S. at 206–08, 117 S.Ct. 660.

■ The payroll method recognizes that the employment relationship is most readily demonstrated by the individual's appearance on the employer's payroll. Under the payroll method, "all one needs to know about a given employee for a given year is whether the employee started or ended employment during that year and, if so, when. He is counted as an employee for each working day after arrival and before departure." *Id.* at 211, 117 S.Ct. 660. The *Walters* payroll method has been employed by at least four different district courts in this circuit since 1998.

*See Morris v. Coney*, Civil Action No. 3:96–CV–2464–D, 1998 WL 59484, 1998 U.S. Dist. LEXIS 1587 (N.D.Tex. Feb. 9, 1998) (Americans with Disabilities Act and Age Discrimination in Employment Act context); *Sharp v. Earth Science Laboratories, Inc.*, Civil Action No. 98–2573 Section "N," 1999 WL 493274, 1999 U.S. Dist. LEXIS 10698 (E.D.La. Jul 8, 1999) (ADEA and Louisiana's ADEA context); *Tyler v. Int'l Brotherhood of Electrical Workers, Local Union 130*, Civil Action No. 98–3522 Section "R" (4), 2000 WL 17839, 2000 U.S. Dist. LEXIS 197 (E.D.La. Jan 10, 2000) (Title VII context); and *Taylor v. Eastside Auto, Truck and Tire Repair*, Civil Action No. 99–3613 Section "L" (3), 2001 WL 214032, 2001 U.S. Dist. LEXIS 2724 (E.D.La.Mar.5, 2001) (Title VII context). The payroll method has similarly been widely adopted in every other circuit. The defendant's insistence on an interpretation of his employment roster which is in direct conflict with that test is perplexing in this case.

Briefly examining the admittedly inadequate "time sheets" provided by the defendant, the Court sees, for example, an "E. Wise" listed as being on the payroll as early as January 2, 1998 and as late as August 20, 1999. E. Wise is not reflected in every week's time sheet. For example, the name is missing from the April 4, 1999 time sheet. However, under the payroll method test, E. Wise would be an "employee" that week, whether he or she actually worked or was compensated for working. Also, the alleged perpetrator of Ms. Latimer's sexual harassment claims, R. Ford, is listed as being employed by the time sheets from January 2, 1998 to May 23, 1998 and then from October 16, 1998 on. His disappearance from the time sheet during the interim is puzzling based on Mr. Wise's assertions that Mr. Ford was indispensable as his cook; regardless, Mr. Ford would be counted as an employ-

ee even for the individual weeks he was not listed as having been "at work."

Additionally, the plaintiff has submitted the affidavits of two of her co-workers, Natalie Caron and the already-noted Linda Gutierrez, who name at least seventeen and sixteen employees, respectively, they recall being employed during their employment. Their accounts are not conclusive and in fact are conclusory, but they give some weight to the plaintiff's claim that Mr. Wise was an employer under Title VII.

The Court will not take the time to match names on the defendant's time sheets by line item and date in an effort to come up with a number of employees by week under the payroll method. The defendant's errors in improperly computing his number of employees, the lack of formal employee records such as tax statements and the statements provided by Ms. Latimer's co-workers convince the Court that it is by no means certain that the plaintiff cannot prove whether Mr. Wise is a Title VII employer, in support of her claim. As such, the defendant's motion must be denied.

## IV. Conclusion.

For all these reasons, it is, therefore,

ORDERED, that Defendant's Motion to Dismiss Under Rule 12(b)(1) is hereby DENIED. It is, further,

ORDERED, that Defendant may re-urge his complaint at a future date if it is in compliance with the precedents stated herein and substantiated by more than his handwritten time sheets.