Opinion issued March 31, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00617-CV

———————————

Krystal Y. Miles, Appellant

V.

Lee Anderson
Company d/b/a Quizno’s Subs, Appellee



 



 

On Appeal from the 335th District Court

Washington County, Texas



Trial Court Case No. 34,133

 



 

O P I N I O N

          Krystal
Miles appeals from an order granting summary judgment in favor of Lee Anderson
Company d/b/a Quizno’s Subs.  In her sole
issue, Miles argues that the trial court erred in granting summary judgment
because she raised genuine issues of material fact as to each element of her
cause of action for employment discrimination. 
Because Miles failed to produce evidence necessary to show that the
company had a sufficient number of employees to be subject to the Texas
Commission on Human Rights Act, we affirm.

Background

          Lee
Anderson Company is a Texas corporation that owns and operates several restaurants,
including a Quizno’s Subs in Brenham, Texas. 
LAC hired Miles to work in its Quizno’s restaurant as a provisional
part-time employee on August 10, 2007, and it terminated her employment three
days later.  Miles alleges that when she
was fired, Jeff Bazar, her supervisor and vice-president of food services for LAC,
stated that her services would no longer be needed because she could not speak
Spanish with the other employees or the restaurant’s customers.  He also allegedly told her that LAC intended
to hire a Hispanic woman to take her position at the Quizno’s restaurant.  Following her termination, Miles filed a
discrimination claim against LAC with the Texas Commission on Human Rights,
alleging discrimination based on race and national origin.  The Commission gave Miles notice of her right
to sue, and she timely filed this lawsuit.

          LAC
moved for summary judgment on both traditional and no-evidence grounds.  It argued that due to its small number of
employees it was not an employer within the meaning of the Texas Commission on
Human Rights Act, and it argued that summary judgment should be rendered
because Miles had presented no evidence to establish otherwise.  See Tex. Lab. Code Ann. § 21.002(8)(A) (West Supp. 2010) (defining “employer” as “a
person who is engaged in an industry affecting commerce and who has 15 or more
employees for each working day in each of 20 or more calendar weeks in the
current or preceding calendar year”).  LAC
attached Bazar’s sworn affidavit to its motion in which he averred that LAC was
not an employer within the meaning of the TCHRA, and he stated that “[LAC] does
not have fifteen or more employees for each working day in each of twenty or
more calendar weeks in 2009, 2008, or 2007. 
Our numbers are substantially less.” 
LAC also attached to its motion copies of Miles’s employment
application; LAC’s employee handbook, signed by Miles; Miles’s pay stub; and
her original petition.  It argued
alternatively that it was entitled to summary judgment because Miles had not
established a prima facie case for employment discrimination based on race or
national origin and that termination for lack of language skills does not
constitute race or national origin discrimination.

In response to the argument that LAC
was not an employer for purposes of the statute, Miles argued that Bazar’s
affidavit was not competent summary-judgment evidence because it was conclusory
and did not recite any substantiating facts. 
Miles argued that the affidavit did not state the proper standard for
determining whether LAC was a statutory employer and that it had failed to
establish as a matter of law that it was not subject to liability under the
TCHRA.  She did not address the
no-evidence point raised by LAC.  Miles
did, however, attach two exhibits: her deposition transcript and LAC’s response
to her first set of interrogatories.  Miles
also argued that it was not necessary for her to establish a prima facie case
for discrimination because the statements allegedly made by Bazar were direct
evidence of discrimination. 
Alternatively, she argued that she had established a prima facie case
for discrimination.

The trial court granted summary
judgment in favor of LAC, and Miles appealed, arguing that there were genuine
issues of material fact that precluded summary judgment.

Analysis

We review a trial court’s decision to grant a motion for
summary judgment de novo.  Valence
Operating Co. v. Dorsett,
164 S.W.3d 656, 661 (Tex. 2005).  A
no-evidence motion for summary judgment is essentially a directed verdict
granted before trial, to which we apply a legal-sufficiency standard of review.
 King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 750–51 (Tex. 2003).  In general, a party seeking a no-evidence
summary judgment must assert that no evidence exists as to one or more of the
essential elements of the nonmovant’s claim on which the nonmovant would have
the burden of proof at trial.  Flameout
Design & Fabrication, Inc. v. Pennzoil Caspian Corp., 994 S.W.2d 830, 834 (Tex. App.—Houston
[1st Dist.] 1999, no pet.).  Once the
movant specifies the elements on which there is no evidence, the burden shifts
to the nonmovant to raise a fact issue on the challenged elements.  Tex. R.
Civ. P. 166a(i).  A no-evidence
summary judgment will be sustained on appeal when (1) there is a complete
absence of evidence of a vital fact, (2) the
court is barred by rules of law or of evidence from giving weight to the only
evidence offered by the nonmovant to prove a vital fact, (3) the nonmovant
offers no more than a scintilla of evidence to prove a vital fact, or (4) the nonmovant’s evidence conclusively establishes the
opposite of a vital fact.  King Ranch, 118 S.W.3d at 751.

Under the traditional summary-judgment standard, the movant
has the burden to show that no genuine issues of material fact exist and that
it is entitled to judgment as a matter of law.  Tex. R.
Civ. P. 166a(c); Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985).  In determining whether there are disputed
issues of material fact, we take as true all evidence favorable to the
nonmovant and indulge every reasonable inference in the nonmovant’s favor.  Nixon, 690 S.W.2d at 548–49.  A
defendant moving for summary judgment must conclusively negate at least one
essential element of each of the plaintiff’s causes of action or conclusively
establish each element of an affirmative defense.  Sci. Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997). 

If the summary judgment does not specify the grounds on which
it was granted, the appealing party must demonstrate on appeal that none of the
proposed grounds is sufficient to support the judgment.  Rogers
v. Ricane Enter., 772 S.W.2d 76, 79 (Tex. 1989); Tilotta v. Goodall, 752 S.W.2d 160, 161 (Tex. App.—Houston [1st
Dist.] 1988, writ denied).  Because the
trial court in this case did not specify the ground upon which it relied for
its ruling, we will affirm if any theory advanced by LAC in its
summary-judgment motion is meritorious.  See Joe v. Two Thirty Nine Joint Venture,
145 S.W.3d 150, 157 (Tex. 2004); Weiner
v. Wasson, 900 S.W.2d 316, 317 n.2 (Tex. 1995).

Miles filed her discrimination
claim under chapter 21 of the Texas Labor Code. 
See
Tex. Lab. Code Ann. §§ 21.001–.556 (West 2006 & Supp. 2010).  The purposes of the TCHRA include providing for the
execution of the policies embodied in Title VII of the Civil Rights Act of 1964
and its subsequent amendments (42 U.S.C. § 2000e
et seq.).  See Tex. Lab. Code Ann. §
21.001(1); Schroeder v. Tex. Iron Works, Inc., 813 S.W.2d 483, 485 (Tex. 1991).  Because the TCHRA seeks to promote federal
civil rights policy, it is proper to look to analogous federal precedent for
guidance when interpreting the Act.  NME Hosps., Inc. v. Rennels, 994 S.W.2d
142, 144 (Tex. 1999); Farrington v. Sysco Food Servs., Inc., 865 S.W.2d 247, 251
(Tex. App.—Houston [1st Dist.] 1993, writ denied).

Chapter 21 of the TCHRA provides
that an employer commits an unlawful employment practice if it discharges an employee
on the basis of “race, color, disability, religion, sex, national origin, or
age . . . .”  Tex. Lab Code Ann. § 21.051. 
An entity is not subject to liability under the TCHRA unless the
plaintiff proves that (1) the entity falls within the statutory definition of
employer, (2) an employment relationship existed between it and the plaintiff,
and (3) the defendant “controlled access to the plaintiff’s employment
opportunities and denied or interfered with that access based on unlawful
criteria.”  NME Hosps., 994 S.W.2d at 147; Ancira Enter., Inc.
v. Fischer, 178 S.W.3d 82, 88
(Tex. App.—Austin 2005, no pet.); Fields v.
Teamsters Local Union No. 988, 23 S.W.3d 517, 524 (Tex.
App.—Houston [1st Dist.] 2000, pet. denied); cf. Latimer v. Wise, 193 F. Supp. 2d 899,
901 (E.D. Tex. 2001) (“[T]he fifteen-employee requirement is a jurisdictional
threshold in a Title VII employment discrimination case.”).  For purposes of Miles’s statutory claim, an
“employer” is “a person engaged in an industry affecting commerce and who has
15 or more employees for each working day in each of 20 or more calendar weeks
in the current or preceding calendar year[.]” 
Tex. Lab. Code Ann. § 21.002(8)(A).  “The ‘current year’ refers to the year of the alleged
discriminatory or retaliatory act, not the date of the judgment.”  Ancira Enter., 178 S.W.3d at 88–89; see also Vance v. Union Planters Corp.,
279 F.3d 295, 297 (5th Cir. 2002) (interpreting meaning of “current year” under
Title VII).  

LAC filed a motion for summary
judgment arguing that Miles had produced no evidence of its status as an
employer and alternatively that it was not an employer as a matter of law.  In support of its position, LAC attached an
affidavit in which the vice-president of food services for Quizno’s swore that
it did not have 15 or more employees for each working day in each of 20 or
more calendar weeks in 2007, 2008, or 2009. 
In her response, Miles addressed only the traditional summary-judgment
ground, arguing that Bazar’s affidavit was not competent summary-judgment evidence
because it was self-serving, conclusory, and did not state relevant facts.  She also argued that the affidavit was not
competent summary-judgment evidence because of the best evidence rule.

Miles alleged in her original
petition that “[d]efendant Lee Anderson Company d/b/a Quizno’s Subs” was an
employer within the meaning of section 21.002(8)(A).  But because LAC alleged that there was no evidence of its status
as an employer, to avoid summary judgment Miles was required to do more.  It was her burden to raise a fact issue on the challenged
element.  See Tex. Lab. Code Ann. § 21.002(8)(A); Tex. R. Civ. P. 166a(i); Ancira Enter., 178 S.W.3d at 89.  While Miles argues on appeal that LAC was required to plead
and prove its non-employer status as an affirmative defense, Texas case law
establishes that the plaintiff must prove that the defendant is a statutory
employer in order to have a right of recovery under the TCHRA.  NME Hosps., 994 S.W.2d at 147; Ancira Enter., 178 S.W.3d at 88.

Miles’s response did not address
the no-evidence point.  She did, however,
attach two exhibits: her deposition and LAC’s response to Miles’s first set of
interrogatories.  The deposition
testimony did not address the facts underlying the dispute as to whether LAC
was an employer as defined by the statute. 
LAC’s interrogatory answers included a chart which indentified the name,
race, national origin, and dates of employment for all employees employed in
the Quizno’s store for the 5 years preceding Miles’s termination.  The chart lists information about 41 employees
employed from 2001 to 2008 at the Quizno’s location where Miles worked.  In 2006, LAC employed only 13 people total at
the Quizno’s location, and in 2007 it never employed more than 11 people at one
time.  The chart does not show that 15 or
more employees were employed by LAC for each working day in each of 20 or more
calendar weeks during either year, and Miles did not produce any other evidence
that would tend to prove that LAC was a statutory employer.  By failing to produce at least a scintilla of
evidence demonstrating that LAC was an employer within the meaning of section
21.002(8)(A), Miles did not meet her burden. 
Cf. Walters v. Metro. Educ.
Enter., Inc., 519 U.S. 202, 211–12, 117 S. Ct. 660, 666 (1997).  Because Miles did not produce
summary-judgment evidence raising a genuine issue of material fact supporting
her position that LAC was an employer, the trial court properly granted summary
judgment against her.  See Tex.
R. Civ. P. 166a(i).  Accordingly,
we need not address whether it was also appropriate to grant summary judgment
under the traditional standard of Rule 166a(c).  See
Ford Motor Co .v. Ridgway, 135 S.W.3d 598, 600 (Tex. 2004).

Miles also argues on appeal that LAC
abandoned its jurisdictional argument at the hearing on the motion for summary
judgment, but she does not point to any evidence in the record supporting her contention,
and there is no indication in the record that her contention is true.  The party appealing the trial court’s
judgment bears the burden to show that the judgment is erroneous.  Murray
v. Devco, Ltd., 731 S.W.2d 555, 556 (Tex. 1987).  Without a reporter’s record or other evidence
indicating that the parties agreed that LAC would abandon its argument that it
was not an employer, we must presume that the evidence supports the trial
court’s ruling.  Roob v. Von Beregshasy, 866 S.W.2d 765, 767 (Tex. App.—Houston [1st
Dist.] 1993, writ denied); Salley v.
Houston Lighting & Power Co., 801 S.W.2d 230, 232 (Tex. App.—Houston
[1st Dist.] 1990, writ denied); see also Tex. R. Civ. P. 166a(c) (“Issues not
expressly presented to the trial court by written motion, answer or other
response shall not be considered on appeal as grounds for reversal.”).  Because we hold that the trial court properly
granted summary judgment against Miles on the ground that she did not present
evidence of LAC’s status as a statutory employer, we do not address her other
arguments on appeal, and we overrule Miles’s sole issue.

Conclusion

We affirm the judgment of the trial
court.

 

                                                                             Michael Massengale

                                                                             Justice

 

 

Panel
consists of Justices Keyes, Sharp, and Massengale.

Justice
Sharp, concurring in the judgment.