■ CHRISTIAN SCHERER et al., Appellants, v PAN AMERICAN WORLD AIRWAYS, INC., Defendant, and TRANS WORLD AIRLINES, INC., Respondent.— Order, Supreme Court, New York County, entered July 24, 1975, granting defendants Trans World Airlines, Inc., and Pan American World Airways, Inc., summary judgment dismissing the first and second causes of action, unanimously affirmed, without costs or disbursements. This action was brought against TWA and Pan Am alleging that the plaintiff Christian Scherer suffered bodily injury (namely, thrombophlebitis), resulting from merely "sitting" aboard a Pan Am flight from Tokyo to California. Plaintiff traveled from California to New York City aboard a TWA plane, during which trip the injury was allegedly aggravated. The planes were concededly not involved in a collision, nor was there any turbulence during the flights. The plaintiff complained of no injury during the flights. The causes of action which were dismissed allege that the defendants are absolutely liable under the Warsaw Convention (49 US Stat 3014) and Montreal Agreement. The plaintiff, in order to come within the purview of article 17 of the Warsaw Convention, must prove that an accident took place on board an aircraft or while embarking or disembarking therefrom, and that this resulted in bodily injury *(Rosman v Trans World Airlines,* 34 NY2d 385, 399). We agree with Special Term that, based on the pleadings and the plaintiff's examination before trial, the plaintiff could not meet the necessary criteria for a finding of absolute liability. There was no "accident" as a matter of law within the plain meaning of that word, and Special Term properly granted summary judgment to the defendants. Concur—Kupferman, J. P., Lupiano, Capozzoli, Lane and Nunez, JJ.