Michael "Shawn" **BLANSETT** and **Modesta N. Blansett, Individually and as Next Friends of Mckenna Blansett and Blake Blansett, Minors Plaintiffs,**

v.

**CONTINENTAL AIRLINES, INC. Defendant.**

No. CIV.A. G–02–061.

United States District Court, S.D. Texas, Galveston Division.

Nov. 18, 2002.

A. Craig Eiland, Attorney at Law, Houston, TX, for plaintiff.

Barclay A. Manley, Fulbright & Jaworski, Houston, TX, for Defendant.

*ORDER DENYING DEFENDANT CONTINENTAL AIRLINES, INC.'S MOTION TO DISMISS PLAINTIFFS' CLAIMS BASED ON FAILURE TO WARN AND ORDERING PLAINTIFFS TO RESPOND TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON CLAIMS BASED ON FAILURE TO WARN*

KENT, District Judge.

Plaintiffs Michael "Shawn" Blansett and Modesta Blansett (collectively "the Blansetts") bring this lawsuit against Defendant Continental Airlines, Inc. ("Continental") seeking to recover damages under the Warsaw Convention [1] for injuries allegedly sustained by Shawn Blansett while riding as a passenger aboard a Continental Airlines flight from Houston, Texas to London, England on June 18, 2001. Specifically, Plaintiffs aver that Shawn Blansett suffered a debilitating cerebral stroke approximately one hour before arriving in London that was ostensibly caused by a blood clot that formed during the lengthy flight, a phenomenon typically referred to as "Deep Venous Thrombosis Syndrome" or "Economy Class Syndrome." Plaintiffs further allege that Continental never warned or advised Shawn Blansett of the likelihood of developing a blood clot in the lower extremities, nor allowed an onboard physician to examine or treat Shawn Blansett after he became visibly ill, nor consulted with any third-party medical advice service regarding Shawn Blansett's condition, nor relayed critical information to the London ambulance and hospital personnel that eventually treated Shawn Blansett. As a result of this stroke, Plaintiffs claim that 36–year–old Shawn Blansett, who was once an able-bodied husband, father, and corporate executive earning a six-figure salary, is now bound to a wheelchair, unable to walk or talk normally, or even take care of his own basic needs. On the basis of these events, Plaintiffs filed suit in this Court on January 25, 2002.

On July 19, 2002, Continental filed a Motion for Judgment as a Matter of Law on Plaintiffs' Claims Based on Failure to Warn.[2] Continental's Motion asks this Court to dismiss the Blansetts' failure-to-

---

**1.** Convention for the Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1929, 49 Stat. 3000, 3014 T.S. No. 876 (1934), note following 49 U.S.C. § 40105.

**2.** In their Original Complaint, filed on January 25, 2002, Plaintiffs alleged that "[a]n 'accident,' meaning an unexpected or unusual condition external to plaintiff, occurred when Continental failed to warn, advise and/or take adequate precautions to inform about and/or prevent Deep Venous Thrombosis ('DVT') on its international flight. This action and/or inaction constituted an 'accident' under the [Warsaw] Convention because it was an unreasonable application of routine procedures or operations, was unexpected or unusual, was external to the plaintiff, and was not caused solely by plaintiff's own conduct or physical condition. Moreover, Continental had *actual* knowledge of the risk of contracting DVT during lengthy flights and failed to warn, advise and/or take adequate precautions to protect its passengers." Pls.' Original Comp. at ¶ 19. In the next paragraph, Plaintiffs again alleged that "[b]y failing to warn ... Continental carried out its routine procedures in an unreasonable manner." *Id.* at ¶ 20.

warn claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure, or to grant partial summary judgment against the Blansetts on these claims. On October 15, 2002, the Blansetts filed Plaintiffs' First Amended Complaint, revising somewhat their failure-to-warn claims.[3] Also on October 15, 2002, the Blansetts timely responded to Continental's Motion for Judgment as a Matter of Law on Plaintiffs' Claims Based on Failure to Warn. Continental requested and was granted leave to file a Reply to Plaintiffs' Response. Continental filed its Reply on October 18, 2002. For the reasons articulated below, Continental's Motion to Dismiss Plaintiffs' Claims Based on Failure to Warn is **DENIED**, and Plaintiffs are **ORDERED** to respond within fifteen (15) days of this Order to Continental's alternative Motion for Partial Summary Judgment on Plaintiffs' Claims Based on Failure to Warn.

## I.

### A. Motion to Dismiss Under Rule 12(b)(6)

A party is entitled to dismissal under Fed.R.Civ.P. 12(b)(6) when an opposing party fails to state a claim upon which relief may be granted. When considering a 12(b)(6) motion, the Court accepts as true all well-pleaded allegations in the complaint, and views them in a light most favorable to the plaintiff. *See Malina v. Gonzales,* 994 F.2d 1121, 1125 (5th Cir. 1993). "However, conclusory allegations or legal conclusions masquerading as fac-

tual conclusions will not suffice to prevent a motion to dismiss." *Fernandez–Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir.1993). Unlike a motion for summary judgment, a motion to dismiss should be granted only when it appears without a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Home Capital Collateral, Inc. v. FDIC,* 96 F.3d 760, 764 (5th Cir.1996).

■ As this Court has already held, the Warsaw Convention, "an international treaty governing 'all international transportation of persons, baggage, or goods performed by aircraft for hire,'" provides the exclusive cause of action and remedy for the Blansetts' claims against Continental. *See Blansett v. Continental Airlines, Inc.,* 203 F.Supp.2d 736, 744 (S.D.Tex. 2002) (Kent, J.) (quoting *El Al Israel Airlines, Ltd. v. Tseng,* 525 U.S. 155, 162, 119 S.Ct. 662, 668, 142 L.Ed.2d 576 (1999)). In order to prevail on a claim under the Warsaw Convention, a plaintiff must prove that (1) an "accident" (2) "took place on board the aircraft or in the course of operations of embarking or disembarking," (3) which "caused" (4) an "injury." *McCaskey v. Continental Airlines, Inc.,* 159 F.Supp.2d 562, 569 (S.D.Tex.2001) (Kent, J.) (citing *Eastern Airlines, Inc. v. Floyd,* 499 U.S. 530, 535–36, 111 S.Ct. 1489, 1494, 113 L.Ed.2d 569 (1991)). In the Motion now before the Court, Continental seeks dis-

---

**3.** Plaintiffs' First Amended Complaint changes "unexpected or unusual condition" in paragraph 19 to "unexpected or unusual event or happening," and adds a paragraph elaborating on the failure-to-warn claims. *See* Pls.' First Am. Comp. at ¶ 19, 20. The added paragraph states that "[u]pon information and belief, it is the custom, rule and/or procedure among international long-haul air carriers to warn, advise and/or take adequate precautions to inform passengers of the risk

of DVT. Accordingly, an 'accident' as that term is understood under the Warsaw Convention occurred when Continental failed to warn, advise and/or take adequate precautions to inform plaintiff of the risk of contracting DVT because such failure was an abnormal operation of the carrier and/or an unreasonable application of routine procedures and thereby unusual and unexpected." *Id.* at ¶ 20.

missal of the Blansetts' claim that an accident occurred when Continental failed to warn passengers on the transatlantic flight of the risk of developing Deep Venous Thrombosis ("DVT").

■ The essential predicate of carrier liability under the Warsaw Convention is the occurrence of an "accident." *McCaskey,* 159 F.Supp.2d at 570 (citing *Wallace v. Korean Air,* 214 F.3d 293, 297 (2d Cir. 2000), *cert. denied,* 531 U.S. 1144, 121 S.Ct. 1079, 148 L.Ed.2d 955 (2001). For purposes of the Warsaw Convention, an accident is defined as "an unusual or unexpected event or happening that is external to the passenger." *Air France v. Saks,* 470 U.S. 392, 405, 105 S.Ct. 1338, 1345, 84 L.Ed.2d 289 (1985). Although the Supreme Court instructed that this definition should be "flexibly applied after assessment of all the circumstances surrounding a passenger's injuries," it cautioned that when an injury "indisputably results from the passenger's own internal reaction to the usual, normal, and expected operation of the aircraft, it has not been caused by an accident . . . ." *Id.* at 405–06, 105 S.Ct. at 1345; *see, e.g., Abramson v. Japan Airlines Co.,* 739 F.2d 130, 133 (3d Cir.1984) (sitting in an airline seat during a normal flight which aggravated the passenger's hiatal hernia is not an "accident"); *Scherer v. Pan American World Airways, Inc.,* 54 A.D.2d 636, 387 N.Y.S.2d 580, 581 (1976) (sitting in an airline seat during a normal flight which aggravated the passenger's thrombophlebitis is not an "accident") (both cited with approval in *Saks,* 470 U.S. at 405, 105 S.Ct. at 1345).

■ Guided by *Saks,* many courts have attempted to draw the line between what is an accident and what is not. Finding the appropriate line has become even more critical since the Supreme Court held that the Warsaw Convention provides the exclusive remedy for injuries within its scope. *See Tseng,* 525 U.S. at 176, 119

S.Ct. at 675. Thus, if a passenger is injured on a flight that falls under the Warsaw Convention, and a court holds that the injury was not caused by an "accident," the passenger cannot recover. *See id.*

Continental argues that sitting in an airplane during a normal flight, which causes a passenger to develop DVT, cannot be an accident. *Cf. Abramson,* 739 F.2d at 133 (sitting in an airline seat during a normal flight which aggravated the passenger's hiatal hernia is not an accident); *Margrave v. British Airways,* 643 F.Supp. 510, 511 (S.D.N.Y.1986) (sitting in an airline seat for a prolonged period of time which caused the passenger's back injury is not an accident, but the bomb threat which caused the prolonged sitting is an accident); *Scherer,* 387 N.Y.S.2d at 581 (sitting in an airline seat during a normal flight which aggravated the passenger's thrombophlebitis is not an accident). This Court is willing to accept for the sake of argument that these cases show that sitting in an aircraft during a normal flight is not an accident. Thus, injuries sustained merely from sitting during a normal flight are not compensable under the Warsaw Convention.

From the conclusion that merely sitting does not constitute an accident, Continental extrapolates that failing to warn of the risk associated with merely sitting cannot be an accident either. The Court respectfully disagrees. The Blansetts allege that Continental violated a "custom, rule, and/or procedure among international long-haul carriers [by failing] to warn, advise and/or take adequate precautions to inform passengers of the risk of DVT." Pls.' First Am. Compl. at ¶ 20. Many courts have recognized that failing to carry out routine procedures in the usual way can constitute an accident under the Warsaw Convention. *See, e.g., Fishman v. Delta Air Lines, Inc.,* 132 F.3d 138, 143

(2d Cir.1998) (applying a hot compress to relieve ear pain, which is a routine procedure, can be an accident if the water is excessively hot); *Fulop v. Malev Hungarian Airlines,* 175 F.Supp.2d 651, 669 (S.D.N.Y.2001) (failing to divert an airplane when a passenger has a heart attack can be an accident if it "contravenes the airline's established customs, rules or procedures"); *Husain v. Olympic Airways,* 116 F.Supp.2d 1121, 1134–35 (N.D.Cal. 2000) (failing to allow an asthmatic passenger to move away from cigarette smoke, in contravention of industry standards and airline policies, is an accident). Thus, the Blansetts argue that even if merely sitting does not constitute an accident, failing to warn of the dangers of merely sitting can constitute an accident if the failure violates "accepted procedures and rules."[4] *See Husain,* 116 F.Supp.2d at 1134.

In response, Continental argues that it did not have a duty to warn passengers of the risk of developing DVT. *See Sprayregen v. American Airlines, Inc.,* 570 F.Supp. 16, 17 (S.D.N.Y.1983) (holding that the airline had no duty to warn passengers of the potential hazards of flying with a head cold). Similarly, Continental argues that its failure to warn is irrelevant to the accident inquiry. *Cf. Magan v. Lufthansa German Airlines,* 181 F.Supp.2d 396, 402–03 (S.D.N.Y.2002) (holding that ordinary turbulence is not an accident and that the flight crews' failure to knock on the lavatory door to warn the plaintiff of the turbulence was irrelevant to the accident inquiry). The *Sprayregen* is

inapposite; it involved an injury on a domestic flight that was governed by negligence law rather than by the Warsaw Convention. Under the Warsaw Convention, whether Continental had a duty to warn passengers of the risk of developing DVT is not the proper inquiry; whether Continental's failure to warn was an unusual or unexpected event external to the passenger is. *See Husain,* 116 F.Supp.2d at 1134 ("When a passenger boards an airplane, he or she should be able to expect that the flight crew will comply with accepted procedures and rules. A failure to do so is unexpected."). Furthermore, to the extent *Magan* holds that failing to warn passengers of particular risks is never relevant to the accident inquiry, the Court declines to follow it. But the Court maintains that this is not *Magan's* holding. The *Magan* court specifically mentioned that the captain turned on the seat belt sign and made an announcement to the passengers to keep their seat belts fastened. *Id.* at 403 n. 8. The plaintiff's argument was that the flight crew should have knocked on the lavatory door to personally warn him of the anticipated turbulence. *Id.* To the extent *Magan* holds that the flight crews' failure to warn in that particular circumstance was irrelevant to the accident inquiry, the Court distinguishes *Magan* on its facts.

▮▮▮ The Blansetts allege that Continental's failure to warn of the risk of contracting DVT was an accident because such failure was an abnormal and unreasonable

---

4. Although no United States case addresses the specific question whether failing to warn of the risk of developing DVT is an accident, two recent foreign cases, cited by Continental, do. In *Van Luin v. KLM Airlines,* the District Court of New South Wales at Sydney held that failing to warn or advise passengers regarding the risk of developing DVT is not an accident under the Warsaw Convention. In *McDonald v. Korean Air & China Travel, Inc.,*

the Ontario Superior Court of Justice reached the same conclusion. Both cases apply the *Saks* accident definition, but neither analyzes whether failing to follow established procedures may constitute an accident. Because these cases do not address the specific rationale proffered by the Blansetts why failure to warn of DVT is an accident, this Court respectfully does not follow these decisions of its sister signatories.

application of routine procedure, and thus, it was unusual and unexpected. Taking these well-pleaded allegations as true, as the Court must in deciding a 12(b)(6) Motion to Dismiss, this Court holds that the Blansetts have alleged a set of facts that, if proven, could support recovery under the Warsaw Convention. Thus, this Court will not dismiss the Blansetts' claims based on Continental's failure to warn of the risk of developing DVT.

## B. Motion for Partial Summary Judgment

Having denied Continental's request to dismiss the Blansetts' failure-to-warn claims, the Court now turns to Continental's alternative Motion for Summary Judgment on those claims. Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). When a motion for summary judgment is made, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

Procedurally, the party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrates the absence of a genuine issue of material fact." *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2553; *see. also* Fed.R.Civ.P. 56(c). The burden then shifts to the nonmoving party to establish the existence of a genuine issue for trial. *See Matsushita,* 475 U.S. at 585–87, 106 S.Ct. at 1355–56;

*Wise v. E.I. DuPont De Nemours & Co.,* 58 F.3d 193, 195 (5th Cir.1995).

In the Motion now before the Court, Continental moved to dismiss the Blansetts' failure-to-warn claims, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or, in the alternative, for summary judgment as to those claims. On August 2, 2002, the Blansetts requested and this Court granted an extension of time to respond to Continental's Motion because the response would "require substantial factual and expert evidence to reply." Pls.' Mot. to Extend Time at 1. But, when the Blansetts timely responded on October 15, 2002, they included no such "factual and expert evidence." Instead, the Blansetts asked this Court to ignore Continental's request for summary judgment, contending that Continental did not meet its burden to inform the Court of the basis for its Motion and to identify the absence of a genuine issue of material fact. The Court disagrees and is somewhat frustrated by the Blansetts' failure to substantively respond. The Court must treat Defendant's Motion substantively and therefore **ORDERS** the Blansetts to *substantively* respond to the summary judgment motion **within fifteen (15) days of this Order,** or the Court will treat the Motion for Partial Summary Judgment on Plaintiffs' Claims Based on Failure to Warn as unopposed.[5]

## II.

For all of the reasons set forth above, the Court hereby respectfully **DENIES** Defendant Continental Airlines, Inc.'s Motion to Dismiss Plaintiffs' Claims Based on Failure to Warn. The Court hereby **ORDERS** Plaintiffs to substantively respond to Continental's Motion for Partial Sum-

---

**5.** *See* S.D. Tex. Local Rule 7.4 ("Failure to respond will be taken as a representation of no opposition.").

mary Judgment on Plaintiffs' Claims Based on Failure to Warn **within fifteen (15) days of this Order,** or the Motion will be treated as unopposed. Each Party is to bear its own taxable costs and expenses incurred herein to date, regarding any matter treated in this Order.

**IT IS SO ORDERED.**