**Krystal Y. MILES, Appellant,**

v.

**LEE ANDERSON COMPANY d/b/a Quizno's Subs, Appellee.**

No. 01–09–00617–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 31, 2011.

Peter Costea, Houston, for Appellant.

Steven C. Haley, Moorman, Tate, Moorman, Urquhart & Haley, L.L.P., Brenham, for Appellee.

Panel consists of Justices KEYES, SHARP, and MASSENGALE.

## OPINION

MICHAEL MASSENGALE, Justice.

Krystal Miles appeals from an order granting summary judgment in favor of Lee Anderson Company d/b/a Quizno's Subs. In her sole issue, Miles argues that the trial court erred in granting summary judgment because she raised genuine issues of material fact as to each element of her cause of action for employment discrimination. Because Miles failed to produce evidence necessary to show that the company had a sufficient number of employees to be subject to the Texas Commission on Human Rights Act, we affirm.

## Background

Lee Anderson Company is a Texas corporation that owns and operates several restaurants, including a Quizno's Subs in Brenham, Texas. LAC hired Miles to work in its Quizno's restaurant as a provisional part-time employee on August 10, 2007, and it terminated her employment three days later. Miles alleges that when she was fired, Jeff Bazar, her supervisor and vice-president of food services for LAC, stated that her services would no longer be needed because she could not speak Spanish with the other employees or the restaurant's customers. He also allegedly told her that LAC intended to hire a Hispanic woman to take her position at the Quizno's restaurant. Following her termination, Miles filed a discrimination claim against LAC with the Texas Commission on Human Rights, alleging discrimination based on race and national origin. The Commission gave Miles notice of her right to sue, and she timely filed this lawsuit.

LAC moved for summary judgment on both traditional and no-evidence grounds. It argued that due to its small number of employees it was not an employer within the meaning of the Texas Commission on Human Rights Act, and it argued that summary judgment should be rendered because Miles had presented no evidence to establish otherwise. *See* Tex. Lab.Code Ann. § 21.002(8)(A) (West Supp.2010) (defining "employer" as "a person who is engaged in an industry affecting commerce and who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year"). LAC attached Bazar's sworn affidavit to its motion in which he averred that LAC was not an employer within the meaning of the TCHRA, and he stated that "[LAC] does not have fifteen or more employees for each working day in each of twenty or more calendar weeks in 2009, 2008, or 2007. Our numbers are substantially less." LAC also attached to its motion copies of Miles's employment application; LAC's employee handbook, signed by Miles; Miles's pay stub; and her original petition. It argued alternatively that it was entitled to summary judgment because Miles had not established a prima facie case for employment discrimination based on race or national origin and that termination for lack of language skills does not constitute race or national origin discrimination.

In response to the argument that LAC was not an employer for purposes of the statute, Miles argued that Bazar's affidavit was not competent summary-judgment evidence because it was conclusory and did not recite any substantiating facts. Miles argued that the affidavit did not state the proper standard for determining whether LAC was a statutory employer and that it had failed to establish as a matter of law that it was not subject to liability under the TCHRA. She did not address the no-

evidence point raised by LAC. Miles did, however, attach two exhibits: her deposition transcript and LAC's response to her first set of interrogatories. Miles also argued that it was not necessary for her to establish a prima facie case for discrimination because the statements allegedly made by Bazar were direct evidence of discrimination. Alternatively, she argued that she had established a prima facie case for discrimination.

The trial court granted summary judgment in favor of LAC, and Miles appealed, arguing that there were genuine issues of material fact that precluded summary judgment.

## Analysis

We review a trial court's decision to grant a motion for summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex.2005). A no-evidence motion for summary judgment is essentially a directed verdict granted before trial, to which we apply a legal-sufficiency standard of review. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex.2003). In general, a party seeking a no-evidence summary judgment must assert that no evidence exists as to one or more of the essential elements of the nonmovant's claim on which the nonmovant would have the burden of proof at trial. *Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp.*, 994 S.W.2d 830, 834 (Tex.App.-Houston [1st Dist.] 1999, no pet.). Once the movant specifies the elements on which there is no evidence, the burden shifts to the nonmovant to raise a fact issue on the challenged elements. Tex.R. Civ. P. 166a(i). A no-evidence summary judgment will be sustained on appeal when (1) there is a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered by the nonmovant to prove a vital fact, (3) the nonmovant offers

no more than a scintilla of evidence to prove a vital fact, or (4) the nonmovant's evidence conclusively establishes the opposite of a vital fact. *King Ranch*, 118 S.W.3d at 751.

Under the traditional summary-judgment standard, the movant has the burden to show that no genuine issues of material fact exist and that it is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex.1985). In determining whether there are disputed issues of material fact, we take as true all evidence favorable to the nonmovant and indulge every reasonable inference in the nonmovant's favor. *Nixon*, 690 S.W.2d at 548–49. A defendant moving for summary judgment must conclusively negate at least one essential element of each of the plaintiff's causes of action or conclusively establish each element of an affirmative defense. *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex.1997).

If the summary judgment does not specify the grounds on which it was granted, the appealing party must demonstrate on appeal that none of the proposed grounds is sufficient to support the judgment. *Rogers v. Ricane Enter.*, 772 S.W.2d 76, 79 (Tex.1989); *Tilotta v. Goodall*, 752 S.W.2d 160, 161 (Tex.App.Houston [1st Dist.] 1988, writ denied). Because the trial court in this case did not specify the ground upon which it relied for its ruling, we will affirm if any theory advanced by LAC in its summary-judgment motion is meritorious. *See Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 157 (Tex.2004); *Weiner v. Wasson*, 900 S.W.2d 316, 317 n. 2 (Tex.1995).

Miles filed her discrimination claim under chapter 21 of the Texas Labor Code. *See* Tex. Lab.Code Ann. §§ 21.001–.556 (West 2006 & Supp.2010). The purposes

of the TCHRA include providing for the execution of the policies embodied in Title VII of the Civil Rights Act of 1964 and its subsequent amendments (42 U.S.C. § 2000e *et seq.*). *See* TEX. LAB.CODE ANN. § 21.001(1); *Schroeder v. Tex. Iron Works, Inc.*, 813 S.W.2d 483, 485 (Tex.1991). Because the TCHRA seeks to promote federal civil rights policy, it is proper to look to analogous federal precedent for guidance when interpreting the Act. *NME Hosps., Inc. v. Rennels*, 994 S.W.2d 142, 144 (Tex. 1999); *Farrington v. Sysco Food Servs., Inc.*, 865 S.W.2d 247, 251 (Tex.App.-Houston [1st Dist.] 1993, writ denied).

 Chapter 21 of the TCHRA provides that an employer commits an unlawful employment practice if it discharges an employee on the basis of "race, color, disability, religion, sex, national origin, or age...." TEX. LAB CODE ANN. § 21.051. An entity is not subject to liability under the TCHRA unless the plaintiff proves that (1) the entity falls within the statutory definition of employer, (2) an employment relationship existed between it and the plaintiff, and (3) the defendant "controlled access to the plaintiff's employment opportunities and denied or interfered with that access based on unlawful criteria." *NME Hosps.*, 994 S.W.2d at 147; *Ancira Enter., Inc. v. Fischer*, 178 S.W.3d 82, 88 (Tex.App.-Austin 2005, no pet.); *Fields v. Teamsters Local Union No. 988*, 23 S.W.3d 517, 524 (Tex.App.-Houston [1st Dist.] 2000, pet. denied); *cf. Latimer v. Wise*, 193 F.Supp.2d 899, 901 (E.D.Tex.2001) ("[T]he fifteen-employee requirement is a jurisdictional threshold in a Title VII employment discrimination case."). For purposes of Miles's statutory claim, an "employer" is "a person engaged in an industry affecting commerce and who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year[.]" Tex. Lab.Code Ann. § 21.002(8)(A). "The 'current year' refers

to the year of the alleged discriminatory or retaliatory act, not the date of the judgment." *Ancira Enter.*, 178 S.W.3d at 88–89; *see also Vance v. Union Planters Corp.*, 279 F.3d 295, 297 (5th Cir.2002) (interpreting meaning of "current year" under Title VII).

LAC filed a motion for summary judgment arguing that Miles had produced no evidence of its status as an employer and alternatively that it was not an employer as a matter of law. In support of its position, LAC attached an affidavit in which the vice-president of food services for Quizno's swore that it did not have 15 or more employees for each working day in each of 20 or more calendar weeks in 2007, 2008, or 2009. In her response, Miles addressed only the traditional summary-judgment ground, arguing that Bazar's affidavit was not competent summary-judgment evidence because it was self-serving, conclusory, and did not state relevant facts. She also argued that the affidavit was not competent summary-judgment evidence because of the best evidence rule.

 Miles alleged in her original petition that "[d]efendant Lee Anderson Company d/b/a Quizno's Subs" was an employer within the meaning of section 21.002(8)(A). But because LAC alleged that there was no evidence of its status as an employer, to avoid summary judgment Miles was required to do more. It was her burden to raise a fact issue on the challenged element. *See* TEX. LAB.CODE ANN. § 21.002(8)(A); TEX.R. CIV. P. 166a(i); *Ancira Enter.*, 178 S.W.3d at 89. While Miles argues on appeal that LAC was required to plead and prove its non-employer status as an affirmative defense, Texas case law establishes that the plaintiff must prove that the defendant is a statutory employer in order to have a right of recovery under the TCHRA. *NME Hosps.*, 994

S.W.2d at 147; *Ancira Enter.*, 178 S.W.3d at 88.

Miles's response did not address the no-evidence point. She did, however, attach two exhibits: her deposition and LAC's response to Miles's first set of interrogatories. The deposition testimony did not address the facts underlying the dispute as to whether LAC was an employer as defined by the statute. LAC's interrogatory answers included a chart which identified the name, race, national origin, and dates of employment for all employees employed in the Quizno's store for the 5 years preceding Miles's termination. The chart lists information about 41 employees employed from 2001 to 2008 at the Quizno's location where Miles worked. In 2006, LAC employed only 13 people total at the Quizno's location, and in 2007 it never employed more than 11 people at one time. The chart does not show that 15 or more employees were employed by LAC for each working day in each of 20 or more calendar weeks during either year, and Miles did not produce any other evidence that would tend to prove that LAC was a statutory employer. By failing to produce at least a scintilla of evidence demonstrating that LAC was an employer within the meaning of section 21.002(8)(A), Miles did not meet her burden. *Cf. Walters v. Metro. Educ. Enter., Inc.*, 519 U.S. 202, 211–12, 117 S.Ct. 660, 666, 136 L.Ed.2d 644 (1997). Because Miles did not produce summary-judgment evidence raising a genuine issue of material fact supporting her position that LAC was an employer, the trial court properly granted summary judgment against her. *See* Tex.R. Civ. P. 166a(i). Accordingly, we need not address whether it was also appropriate to grant summary judgment under the traditional standard of Rule 166a(c). *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex.2004).

Miles also argues on appeal that LAC abandoned its jurisdictional argument at the hearing on the motion for summary judgment, but she does not point to any evidence in the record supporting her contention, and there is no indication in the record that her contention is true. The party appealing the trial court's judgment bears the burden to show that the judgment is erroneous. *Murray v. Devco, Ltd.*, 731 S.W.2d 555, 556 (Tex.1987). Without a reporter's record or other evidence indicating that the parties agreed that LAC would abandon its argument that it was not an employer, we must presume that the evidence supports the trial court's ruling. *Roob v. Von Beregshasy*, 866 S.W.2d 765, 767 (Tex.App.-Houston [1st Dist.] 1993, writ denied); *Salley v. Houston Lighting & Power Co.*, 801 S.W.2d 230, 232 (Tex.App.-Houston [1st Dist.] 1990, writ denied); *see also* Tex.R. Civ. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal."). Because we hold that the trial court properly granted summary judgment against Miles on the ground that she did not present evidence of LAC's status as a statutory employer, we do not address her other arguments on appeal, and we overrule Miles's sole issue.

## Conclusion

We affirm the judgment of the trial court.

Justice SHARP, concurring in the judgment.