**Opinion issued September 23, 2014**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-12-01098-CV

_____

**TRINA SHAW, Appellant**

**V.**

**MASON FRIENDSWOOD OP, LLC D/B/A FRIENDSHIP HAVEN HEALTHCARE, Appellee**

---

**On Appeal from the 212th District Court**
**Galveston County, Texas**
**Trial Court Case No. 11CV0513**

---

## MEMORANDUM OPINION

Trina Shaw appeals the trial court's orders granting appellee, Mason Friendswood OP, LLC d/b/a Friendship Haven Healthcare's joint motion for summary judgment and motion to dismiss Shaw's defamation claim. We affirm.

## Background

Shaw filed suit against Friendship Haven asserting a claim for defamation on March 24, 2011,[1] which Friendship Haven timely answered. Two weeks later, Shaw's attorney filed a motion to withdraw as her counsel. Thereafter, Friendship Haven filed a joint no-evidence motion for summary judgment and motion to dismiss, and the following day, the trial court denied Shaw's counsel's motion to withdraw. No response to Friendship Haven's motion was filed.

On September 17, 2012, the trial court granted Friendship Haven's joint motion for summary judgment and motion to dismiss. Shaw, in her pro se capacity, filed her timely motion for new trial which, following a hearing, was denied on October 30, 2012.

## Discussion

### A. Standard of Review

We review a trial court's decision to grant a motion for summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). A party seeking a no-evidence summary judgment must assert that no evidence exists as to one or more of the essential elements of the nonmovant's claim on which the

---

[1] In her suit, Shaw alleged that an administrator from Friendship Haven called to inform her then-employer, Protouch Staffing, that it had terminated Shaw's employment because Shaw had committed theft at the facility. She also alleged that Friendship Haven told Protouch Staffing that she had been arrested, charged, and convicted as a result of the incident.

nonmovant would have the burden of proof at trial. *Miles v. Lee Anderson Co.*, 339 S.W.3d 738, 741 (Tex. App.—Houston [1st Dist.] 2011, no pet.). In conducting our no-evidence summary judgment review, we will "review the evidence presented by the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2008) (quoting *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006)). Once the movant specifies the elements on which there is no evidence, the burden shifts to the nonmovant to raise a fact issue on the challenged elements. TEX. R. CIV. P. 166a(i). Summary judgment must be granted unless the nonmovant produces competent summary judgment evidence raising a genuine issue of material fact on the challenged elements. *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008). A no-evidence summary judgment will be sustained on appeal when (1) there is a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered by the nonmovant to prove a vital fact, (3) the nonmovant offers no more than a scintilla of evidence to prove a vital fact, or (4) the nonmovant's evidence conclusively establishes the opposite of a vital fact. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003).

3

**B. Analysis**

Shaw challenges the trial court's orders granting Friendship Haven's no-evidence motion for summary judgment and motion to dismiss. Friendship Haven contends that the trial court properly granted summary judgment in its favor because Shaw failed to raise a fact issue on any of the elements of her claim.

To establish a defamation claim, a plaintiff must demonstrate that (1) the defendant published a factual statement, (2) that was capable of defamatory meaning, (3) concerning the plaintiff, (4) while acting with either negligence, if the plaintiff is a private individual, or actual malice, if the plaintiff is a public figure or public official, concerning the truth of the statement. *See WFAA–TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998); *Miranda v. Byles*, 390 S.W.3d 543, 573 (Tex. App.—Houston [1st Dist.] 2012, pet. denied). In its no-evidence motion, Friendship Haven argued that Shaw had presented no evidence that an employee of Friendship Haven had made a defamatory statement about her.[2]

Once Friendship Haven specified the elements on which there was no evidence, the burden shifted to Shaw to raise a fact issue on the challenged elements. *See* TEX. R. CIV. P. 166a(i). Shaw, however, did not present any evidence to the trial court raising a fact issue regarding any of the challenged

---

[2] Friendship Haven also asserted in its motion that Shaw had failed to show that she was terminated from her employment at Protouch Staffing as the result of, or otherwise damaged by, the alleged defamatory statement.

4

elements of her cause of action.[3]  Because Shaw failed to meet her burden under Rule 166a(i), Friendship Haven was entitled to a no-evidence summary judgment on Shaw's defamation claim.  *See Hamilton*, 249 S.W.3d at 426 (stating summary judgment must be granted unless nonmovant produces competent summary judgment evidence raising genuine issue of material fact on challenged elements); *King Ranch, Inc.*, 118 S.W.3d at 742 (noting no-evidence summary judgment will be sustained on appeal when there is complete absence of evidence of vital fact). Therefore, the trial court properly granted summary judgment in favor of Friendship Haven.  We overrule Shaw's issue.

## Conclusion

We affirm the trial court's judgment.


Jim Sharp
Justice

Panel consists of Justices Higley, Bland, and Sharp.

---

[3] The record reflects that Shaw was represented by counsel at the time her summary judgment response was due to be filed.