Opinion issued November 25, 2014.



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00487-CV

———————————

**CYNTHIA GOODIE, Appellant**

**V.**

**MADISON BARNWELL PARTNERSHIP, ROBERT BARNWELL, WANDA BARNWELL, AND CATHY ULMER, Appellees**

---

**On Appeal from the 215th District Court**
**Harris County, Texas**
**Trial Court Case No. 2010-74865**

---

## MEMORANDUM OPINION

A former employee of a small business partnership complained of unfair wage practices, discrimination, and retaliation in violation of Texas and federal law. After a bench trial, the trial court ruled in favor of the partnership defendants.

On appeal, the employee contends that the trial court's judgment must be reversed because the court denied her right to counsel and due process of law, and it is not supported by the evidence. We affirm.

## Background

Husband and wife Robert and Wanda Barnwell formed the Madison Barnwell Management Partnership, which owns and operates an apartment complex in Houston. The Barnwells employed Cynthia Goodie from 2009 until the partnership terminated her employment in May 2010.

A few weeks before she was fired, Goodie complained to the Equal Employment Opportunity Commission, charging that the Barnwells had engaged in wrongful discrimination and retaliation, in violation of Title VII of the Civil Rights Act of 1964 and the Texas Commission on Human Rights Act (TCHRA). After her termination, Goodie sued the partnership, the Barnwells individually, and their daughter, Cathy Ulmer, asserting claims under the TCHRA, unpaid overtime claims under the federal Fair Labor Standards Act (FLSA), and common-law tort claims. The TCHRA retaliation claim and the FLSA overtime pay claim remained for trial, and Goodie tried them to the bench.

The trial court found against Goodie on her claims. Among other findings of fact and conclusions of law, the trial court determined that the partnership did not meet the statutory definition of "employer" under either the TCHRA or the

2

FLSA. It further concluded that none of the individual defendants met the definition of "employer" under either statute.

## Discussion

### *Right to Counsel and Due Process*

Goodie identifies as issues on appeal that the trial court violated her right to due process and to counsel, but provides no further briefing for either. Neither the TCHRA nor the FLSA confers a right to counsel. A trial court has discretion to appoint counsel to an indigent civil litigant in certain "exceptional cases," where "the public and private interests at stake are such that the administration of justice may best be served by appointing a lawyer to represent an indigent civil litigant." *Travelers Indem. Co. v. Mayfield*, 923 S.W.2d 590, 594 (Tex. 1996). In such a case, an indigent litigant is presumed to have a right to appointed counsel when losing the claim might result in the loss of physical liberty. *See Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 25–27, 101 S. Ct. 2153, 2159 (1981). Goodie's claims, on their face, do not meet this exceptional standard. *See Mayfield*, 923 S.W.2d at 594. As a result, the trial court did not err in failing to appoint counsel for Goodie.

Goodie raises a general issue claiming that the trial court deprived her of due process. Her briefing, however, does not address this issue, and Goodie does not contend that the outcome of her suit would have been different had the trial court

3

proceeded differently. We therefore consider the issue waived. *See* TEX. R. APP. P. 33.1.

## *Employment Claims*

Concerning the trial court's judgment on the merits of her TCHRA and FLSA claims, Goodie complains that the trial court erred in failing to hold the defendants liable and award her damages on the facts she presented in support of those claims. She neglects, however, to address the trial court's ruling that none of the defendants met the statutory definitions of "employer," and, as a result, could not be held liable. This omission is dispositive of her appeal.

An appellant must attack all independent grounds that fully support an adverse ruling; if the appellant fails to do so, we must affirm the trial court's judgment. *Britton v. Tex. Dep't of Crim. Justice*, 95 S.W.3d 676, 682 (Tex. App.—Houston [1st Dist.] 2002, no pet.). This rule applies equally to pro se litigants as it does to licensed attorneys. *See Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.). Thus, if an independent ground fully supports the complained-of judgment, but the appellant does not challenge that independent ground, then we must accept the validity of the unchallenged independent ground, rendering any error in another ground challenged on appeal harmless. *Britton*, 95 S.W.3d at 682.

4

The failure to satisfy the statutory definitions of employer as to any of the defendants is such an independent ground. A plaintiff must prove that the defendant is a statutory employer in order to have a right of recovery under the TCHRA. *Miles v. Lee Anderson Co.*, 339 S.W.3d 738, 742 (Tex. App.—Houston [1st Dist.] 2011, no pet.). For purposes of the TCHRA, an "employer" includes "a person who is engaged in an industry affecting commerce and who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year." TEX. LAB. CODE ANN. § 21.002(8)(A) West Supp. 2014). "The 'current year' refers to the year of the alleged discriminatory or retaliatory act, not the date of the judgment." *Ancira Enters., Inc. v. Fischer*, 178 S.W.3d 82, 88–89 (Tex. App.—Austin 2005, no pet.).

Based on undisputed evidence, the trial court found that the partnership did not employ 15 or more employees in each of 20 or more calendar weeks in 2009 or 2010. Further, there is no personal liability under the TCHRA against an employer sued individually, where the employer does not meet the statutory employer definition. *Jenkins v. Guardian Indus. Corp.*, 16 S.W.3d 431, 439 (Tex. App.—Waco 2000, pet. denied) ("[S]upervisors and managers are not liable in their individual capacities for alleged acts of discrimination under the TCHRA."); *City of Austin v. Gifford*, 824 S.W.2d 735, 742 (Tex. App.—Austin 1992, no writ) ("The [TCHRA] does not create a cause of action against supervisors or individual

5

employees."); *see Prather v. Utiliquest, L.L.C.*, 313 F. Supp. 2d 666, 670 (S.D. Tex. 2004); *see also Grant v. Lone Star Co.*, 21 F.3d 649, 652 (5th Cir. 1994) (Only "employers, not individuals acting in their individual capacity who do not otherwise meet the definition of 'employers,' can be liable under [T]itle VII.").

Similarly, under the FLSA, Goodie was required to prove that each of the defendants employed at least two persons and was engaged in commerce or the production of goods for commerce and had annual gross sales of at least $500,000. *See* 29 U.S.C. §§ 203, 207(a). Based on the undisputed evidence, the trial court found that neither the partnership nor any of the other defendants was engaged in commerce or had gross annual sales of at least $500,000.

Goodie did not address these findings and conclusions, which independently support the trial court's take-nothing judgment on Goodie's TCHRA and FLSA claims. We therefore decline to consider her other arguments.

## Conclusion

We hold that Goodie was not entitled to appointment of counsel. We further hold that she waived her other challenges to the trial court's judgment. We therefore affirm the judgment of the trial court.

Jane Bland
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

6