**Opinion issued December 9, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00426-CV

————————————

**VALTON EASON AND TERESA EASON, Appellants**

**V.**

**DEUTSCHE BANK NATIONAL TRUST, Appellee**

---

### On Appeal from the 61st District Court
### Harris County, Texas
### Trial Court Case No. 2012-08619

---

## MEMORANDUM OPINION

Valton and Teresa Eason appeal the trial court's order granting summary judgment in favor of appellee, Deutsche Bank National Trust, on the Easons' claims arising from the foreclosure of their home. The Easons contend that the

trial court erred in granting Deutsche Bank's motion for summary judgment because (1) judgment was granted on a petition that was not on file with the court; (2) Deutsche Bank should have filed special exceptions before filing its summary judgment motion; and (3) the judgment disposed of causes of action not addressed in Deutsche Bank's motion. We affirm.

## Background

On September 30, 2004, Teresa Eason[1] executed an adjustable rate note in the amount of $132,000 related to real property located in Harris County. The note was payable to Decision One Mortgage Company, LLC. To secure payment of the note, the Easons executed a deed of trust encumbering the property. Deutsche Bank subsequently acquired the note and maintained possession of it through its loan servicer, GMAC Mortgage, LLC.

In December 2010, the Easons defaulted on their mortgage loan by failing to make the required monthly payment. After they failed to cure the default, Deutsche Bank initiated foreclosure proceedings and bought the property at the foreclosure sale on August 2, 2011.[2]

---

[1] Teresa Eason's surname was McGrew at the time she signed the document.

[2] On June 29, 2011, the Easons filed suit against GMAC regarding the foreclosure proceedings. After they failed to serve GMAC, the suit was dismissed for want of prosecution.

On February 13, 2012, the Easons, acting pro se, filed an Application and Affidavit for Temporary Restraining Order and Temporary Injunction, seeking injunctive relief and damages based on allegations of fraud and negligent misrepresentation.[3] Deutsche Bank answered in a timely manner but waited until February 2, 2013 to file its hybrid traditional and no-evidence motion for summary judgment to which the Easons filed no response. Following a hearing on March 1, 2013, the trial court granted Deutsche Bank's motion for summary judgment and dismissed the Easons' claims. The Easons had not attended the hearing. Subsequently, the Easons—now represented by counsel—filed a motion for rehearing/motion for new trial arguing that the trial court should deny Deutsche Bank's summary judgment motion because the bank (1) failed to specially except to the Easons' application before filing its motion; (2) failed to address the Easons' causes of action in their motion; and (3) moved for summary judgment on a pleading that was not a live petition. The trial court denied the Easons' motion for rehearing/motion for new trial. On appeal, the Easons do not challenge the denial of their motion for rehearing/motion for new trial; rather, they challenge only the trial court's order granting Deutsche Bank's motion for summary judgment.

---

[3] In their briefs, the parties state that the trial court denied the Easons' request for preliminary injunctive relief on March 8, 2012, and cite to page 79 of the clerk's record. However, page 79 of the clerk's record is Deutsche Bank's response to the Easons' motion for rehearing/motion for new trial. The clerk's record does not include an order denying the Easons' request for injunctive relief or otherwise reflect such a ruling.

## Discussion

### A. Standard of Review

We review a trial court's decision to grant a motion for summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). A party seeking a no-evidence summary judgment must assert that no evidence exists as to one or more of the essential elements of the nonmovant's claim on which the nonmovant would have the burden of proof at trial. *Miles v. Lee Anderson Co.*, 339 S.W.3d 738, 741 (Tex. App.—Houston [1st Dist.] 2011, no pet.). In conducting our no-evidence summary judgment review, we will "review the evidence presented by the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2008) (quoting *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006)). Once the movant specifies the elements on which there is no evidence, the burden shifts to the nonmovant to raise a fact issue on the challenged elements. TEX. R. CIV. P. 166a(i). A no-evidence summary judgment will be sustained on appeal when (1) there is a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered by the nonmovant to prove a vital fact, (3) the

4

nonmovant offers no more than a scintilla of evidence to prove a vital fact, or (4) the nonmovant's evidence conclusively establishes the opposite of a vital fact. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003).

Under the traditional summary-judgment standard, the movant has the burden to show that no genuine issues of material fact exist and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). In determining whether there are disputed issues of material fact, we take as true all evidence favorable to the nonmovant and indulge every reasonable inference in the nonmovant's favor. *Nixon*, 690 S.W.2d at 548–49. A defendant moving for summary judgment must conclusively negate at least one essential element of each of the plaintiff's causes of action or conclusively establish each element of an affirmative defense. *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997).

## B. Analysis

The Easons contend that the trial court erred in granting Deutsche Bank's motion for summary judgment because (1) judgment was granted on a petition that was not on file with the court; (2) Deutsche Bank should have filed special exceptions before filing its summary judgment motion; and (3) the judgment disposed of causes of action not addressed in Deutsche Bank's motion. Deutsche Bank asserts that it was entitled to judgment as a matter of law on the Easons'

5

claims of fraud and negligent misrepresentation on both no-evidence and traditional grounds.

To prevail on a fraud claim, a plaintiff must establish that (1) the defendant made a material representation, (2) the representation was false, (3) the defendant either knew the representation was false when made or made it recklessly without any knowledge of its truth and as a positive assertion, (4) the defendant made the representation with the intention that it be acted upon, (5) the representation was in fact relied upon, and (6) damage to the plaintiff resulted. *See Ins. Co. of N. Am. v. Morris*, 981 S.W.2d 667, 674 (Tex. 1998). To prevail on a claim of negligent misrepresentation, a plaintiff must demonstrate that (1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies "false information" for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation. *McCamish, Martin, Brown & Loeffler v. F.E. Appling Interests*, 991 S.W.2d 787, 791 (Tex. 1999).

In its no-evidence motion, Deutsche Bank argued that it was entitled to judgment as a matter of law on the Easons' claims of fraud and negligent misrepresentation. With regard to the Easons' fraud claim, Deutsche Bank argued

6

that the Easons could present no evidence that Deutsche Bank made a representation that was material and false; it was made recklessly as a positive assertion, without knowledge of its truth; it was made with the intent that the Easons act on it; and the Easons relied on the alleged misrepresentation resulting in injury to them. As to the Easons' negligent misrepresentation claim, Deutsche Bank argued that the Easons could present no evidence that Deutsche Bank supplied false information for the guidance of others; Deutsche Bank failed to exercise reasonable care or competence in obtaining or communicating the information; they justifiably relied on the alleged representation; and they suffered pecuniary loss as a result.

Once Deutsche Bank specified the elements on which there was no evidence, the burden shifted to the Easons to raise a fact issue on the challenged elements. *See* TEX. R. CIV. P. 166a(i). The Easons, however, did not present any evidence to the trial court raising a fact issue regarding any of the challenged elements of either cause of action.[4] Because the Easons failed to meet their burden under Rule 166a(i), Deutsche Bank was entitled to a no-evidence summary judgment on the Easons' claims of fraud and negligent misrepresentation. *See*

---

[4] Pro se litigants are not exempt from complying with the rules of procedure. *Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005); *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978) (noting "no basis exists for differentiating between litigants represented by counsel and litigants not represented by counsel in determining whether rules of procedure must be followed.").

7

*King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003) (noting no-evidence summary judgment will be sustained on appeal when there is complete absence of evidence of vital fact). As such, we conclude that the trial court properly granted summary judgment in favor of Deutsche Bank. We overrule the Easons' issue.

## Conclusion

We affirm the trial court's judgment.


Jim Sharp
Justice

Panel consists of Justices Keyes, Sharp, and Huddle.