Opinion issued May 5, 2015



In The

# Court of Appeals

For The

# First District of Texas

———————————————

## NO. 01-14-00237-CV

———————————————

**OLIVER VANS, JR., MICKEY DINH, SANTOS REYNA, AND LO DINH, Appellants**

**V.**

**INFINITY COUNTY MUTUAL INSURANCE COMPANY AND SANDRA HIGHTOWER, Appellees**

---

**On Appeal from the 281st District Court**
**Harris County, Texas**
**Trial Court Case No. 2009-68816**

---

## MEMORANDUM OPINION

Appellants Oliver Vans, Jr., Mickey Dinh, Santos Reyna, and Lo Dinh appeal the trial court's order granting summary judgment in favor of appellees,

Infinity County Mutual Insurance Company and Sandra Hightower, on appellants' claims for breach of contract and violations of the Deceptive Trade Practices Act ("DTPA"). In their first and second issues, appellants contend that the trial court erred in granting summary judgment because appellees' motion did not comply with Rule 166a(i) and appellants produced summary judgment evidence raising a genuine issue of material fact on their claims. In their third issue, they argue that the trial court should have granted their motion for new trial and set aside the summary judgment in favor of appellees. We affirm.

## Background

On February 24, 2009, Oliver Vans. Jr., Santos Reyna, and Mickey Dinh were travelling in a 1996 Toyota Camry, owned by Lo Dinh,[1] when it was struck by another vehicle.[2] All three occupants sustained injuries and the Camry was damaged as a result of the collision. While police were at the scene, Vans took pictures of the license plate of the other vehicle which was later identified as a 1999 Oldsmobile owned by Sonia Orozco.[3]

---

[1] Lo Dinh is Mickey Dinh's father.

[2] Mr. Dinh, who was not present at the time of the accident, had given permission to Vans to drive his car. Reyna and Mickey Dinh were passengers in the car.

[3] Although a police report was made, it was never located.

On October 22, 2009, appellants filed a negligence suit against Orozco in which Vans, Ms. Dinh, and Reya sought recovery for personal injuries and Mr. Dinh sought recovery for the damage to his vehicle.[4]  Orozco filed a handwritten answer stating that she was neither the driver nor the owner of the Oldsmobile at the time of the accident and that she had sold the vehicle in November 2008 to Eva Maria Lopez-Zamora.  Orozco attached to her answer a document entitled Bill of Sale, dated and notarized May 27, 2009, and signed by Orozco and Lopez-Zamora, in which Orozco stated that she had sold the Oldsmobile to Lopez-Zamora in November 2008 for $2,800.  Also attached to Orozco's letter was a document from the Texas Department of Motor Vehicle Titles and Registration Division, dated November 30, 2009, reflecting that the Oldsmobile's title was issued to Orozco on December 30, 2008, but which does not reflect a sale from Orozco to Lopez-Zamora.  In a notarized letter to appellants' counsel dated October 11, 2011, Lopez-Zamora stated that she did not have insurance at the time of the accident, and that Orozco did not have insurance because she was not the owner of the vehicle on the date of the accident.  Appellants non-suited their claim against Orozco on November 2, 2011, opting instead to seek coverage under the uninsured motorist provision of Mr. Dinh's insurance policy with Infinity.  The trial court

---

[4]     Vans sought $3,895, Ms. Dinh sought $3,770, Reyna sought $3,550, and Mr. Dinh sought $5,000.

granted the non-suit without prejudice on November 3, 2011. Upon appellants' motion, the trial court later reinstated appellants' suit against Orozco.[5]

On December 5, 2011, appellants filed suit against appellees for breach of contract and DTPA violations based on Infinity's failure to pay uninsured motorist benefits under Mr. Dinh's policy. On February 23, 2012, appellants filed a motion to consolidate their lawsuits against Orozco and appellees. The trial court granted the motion on August 3, 2012.

On November 30, 2012, appellees filed a no-evidence motion for summary judgment alleging that appellants had failed to produce any evidence that they were entitled to recover uninsured motorist benefits. Appellants responded and attached the bill of sale executed by Orozco and Lopez-Zamora and Lopez-Zamora's letter as evidence. Appellees filed their reply objecting to appellants' summary judgment evidence. On January 8, 2013, the trial court signed an order sustaining appellees' objections and granting appellees' summary judgment motion.

On April 30, 2013, appellants' suit against Orozco proceeded to a bench trial. After Orozco failed to appear, the trial court granted judgment in favor of

---

[5] In their motion, appellants stated that they wanted to reinstate the case against Orozco to avoid dismissal of their uninsured motorist claim and because Infinity wished to maintain and prosecute the case against Orozco under its subrogation rights.

4

appellants on May 1, 2013. Appellants filed a motion for new trial which was subsequently overruled by operation of law. Appellants timely filed this appeal.

## Standards of Review

### A. Summary Judgment

We review a trial court's decision to grant a motion for summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). A no-evidence motion for summary judgment is essentially a directed verdict granted before trial, to which we apply a legal sufficiency standard of review. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003). In general, a party seeking a no-evidence summary judgment must assert that no evidence exists as to one or more of the essential elements of the nonmovant's claim on which the nonmovant would have the burden of proof at trial. *Miles v. Lee Anderson Co.*, 339 S.W.3d 738, 741 (Tex. App.—Houston [1st Dist.] 2011, no pet.).

In conducting our no-evidence summary judgment review, we will "review the evidence presented by the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009) (quoting *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006)). Once the movant specifies the elements on which there is

5

no evidence, the burden shifts to the nonmovant to raise a fact issue on the challenged elements. TEX. R. CIV. P. 166a(i).

A no-evidence summary judgment will be sustained on appeal when (1) there is a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered by the nonmovant to prove a vital fact, (3) the nonmovant offers no more than a scintilla of evidence to prove a vital fact, or (4) the nonmovant's evidence conclusively establishes the opposite of a vital fact. *King Ranch*, 118 S.W.3d at 751. We review a trial court's decision to admit or exclude summary judgment evidence for an abuse of discretion. *See Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998).

## B. Motion for New Trial

We review a trial court's ruling on a motion for new trial under an abuse of discretion standard. *See Bank One, Texas, N.A. v. Moody*, 830 S.W.2d 81, 85 (Tex. 1992). To determine whether the trial court abused its discretion, we must decide "whether the trial court acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable." *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). We view the evidence submitted to the trial court in the light most favorable to the court's ruling, draw all legitimate inferences from the evidence, and defer to the trial court's resolution of conflicting

evidence. *Intercontinental Terminals Co., LLC v. Vopak N. Am., Inc.*, 354 S.W.3d 887, 892 (Tex. App.—Houston [1st Dist.] 2011, no pet.). A trial court does not abuse its discretion with regard to factual matters so long as some evidence reasonably supports the trial court's decision. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002).

## Discussion

### A. Rule 166a(i)

In their first issue, appellants contend that the trial court erred in granting summary judgment because appellees' motion failed to challenge any specific element of appellants' causes of action as required under Rule of Civil Procedure 166a(i) and was, therefore, fundamentally defective.

Rule 166a(i) states, in relevant part:

> [A] party . . . may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which the adverse party would have the burden of proof at trial. The motion must state the elements as to which there is no evidence.

TEX. R. CIV. P. 166a(i). Here, appellants alleged claims for breach of contract and DTPA violations based on their assertion that appellees had failed to pay the uninsured motorist benefits to which appellants were legally entitled under Mr. Dinh's policy. Under Insurance Code section 1952.101(a), "'uninsured or underinsured motorist coverage' means the provisions of an automobile liability

insurance policy that provide for the coverage . . . that protects insureds who are legally entitled to recover from owners or operators of uninsured or underinsured motor vehicles for bodily injury, sickness, disease, or death, or property damage resulting from the ownership, maintenance or use of any motor vehicle." TEX. INS. CODE ANN. § 1952.101(a) (West 2009). In their no-evidence motion, appellees argued that appellants had failed to produce any evidence showing that they were legally entitled to recover uninsured motorist benefits which is a specific element of appellants' causes of action. Appellees' motion comports with the requirements of Rule 166a(i). We overrule appellants' first issue.

### B. Summary Judgment Evidence

In their second issue, appellants contend that the trial court erred in granting summary judgment in favor of appellees because appellants produced some evidence raising a genuine issue of material fact regarding whether they were legally entitled to recover benefits from an uninsured motorist. Appellants argue that the trial court erred in sustaining appellees' objections to this evidence because the bill of sale and Lopez-Zamora's letter meet the requirements for affidavits under Rule 166a(f) and, therefore, are competent evidence precluding summary judgment.

#### 1. Bill of Sale

The notarized bill of sale signed by Orozco states, in relevant part:

8

This letter is to certify that I, Sonia Orozco, am giving my vehicle:

- 1999 Oldsmobile Alero with VIN – 1G3NL12E3XC343390

to Mrs. Eva Maria Lopez-Zamora since November of 2008 for the amount of $2,800.00. I gave her the title since November of 2008 when she paid of the vehicle, since the[n] she has been responsible for the vehicle. I, Sonia Orozco, will no longer be responsible for the vehicle.

In their summary judgment reply, appellees objected to the bill of sale as irrelevant, not properly authenticated, and hearsay. The trial court sustained their objections.

Appellants argue that Orozco's statement that she did not own the car at the time of the accident is relevant to whether it was insured at the time. Relevant evidence is defined as any evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable. *See* TEX. R. EVID. 401. Although the bill of sale purportedly shows that Orozco sold the vehicle to Lopez-Zamora in November 2008 and therefore did not own the vehicle at that time,[6] it says nothing about who owned the vehicle on the date of the accident or whether the vehicle was insured at that time. Because the bill of sale is not relevant, the trial court properly excluded it. *See* TEX. R. EVID. 402 ("Evidence which is not relevant is inadmissible.").

---

[6] The DMV title history, introduced at the subsequent trial against Orozco and which contradicts the bill of sale and Lopez-Zamora's letter regarding the vehicle's ownership, is not part of the summary judgment record.

## 2. Lopez-Zamora Letter

The notarized letter signed by Lopez-Zamora states, in pertinent part:

> Please note that at the time of the accident happen I did not have insurance and Mrs. Sonia Orozco previous owner of the vehicle also did[n]'t have insurance because she was not the owner of the vehicle that was involved in the accident on February 24, 2009.

In their summary judgment reply, appellees objected to the letter as not properly authenticated and hearsay. The trial court sustained their objections.

Appellants assert that Lopez-Zamora's letter is admissible because it meets the requirements of an affidavit under Rule 166a(f). Rule 166a(f) requires that an affidavit "be made on personal knowledge, shall set forth facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." TEX. R. CIV. P. 166a(f). Thus, for a summary judgment affidavit to have probative value, the affiant must swear to the existence of pertinent facts and that the facts in the affidavit reflect his personal knowledge. *Kerlin v. Arias*, 274 S.W.3d 666, 668 (Tex. 2008) (per curiam). The mere recitation that the affidavit is based on personal knowledge is inadequate if the affidavit does not positively show a basis for the knowledge. *Valenzuela v. State & Cnty. Mut. Fire Ins. Co.*, 317 S.W.3d 550, 552-53 (Tex. App.—Houston [14th Dist.] 2010, no pet.). The affidavit must explain how the affiant has personal knowledge. *Radio Station KSCS v. Jennings*, 750 S.W.2d 760, 762 (Tex. 1988)

(per curiam); *SouthTex 66 Pipeline Co., Ltd. v. Spoor*, 238 S.W.3d 538, 543 (Tex. App.—Houston [14th Dist.] 2007, pet. denied).

Appellants argue that "[Lopez-Zamora's] personal knowledge of the facts can be inferred from her description of her own actions." Here, Lopez-Zamora's letter does not affirm that her statements reflect her personal knowledge or otherwise show that she was speaking from personal knowledge. *See Spradlin v. State*, 100 S.W.3d 372, 381 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (concluding affidavit not proper summary judgment evidence in bond forfeiture proceeding when affiant's personal knowledge was explained only by her marital status). Moreover, we note that although Lopez-Zamora states that she did not have insurance, she does not state that she owned the car on the date of the accident. Because the letter neither shows a basis for Lopez-Zamora's knowledge nor who owned the vehicle at the time of the accident, the trial court properly excluded it. *See Kerlin*, 274 S.W.3d at 668 (noting affidavit not based on personal knowledge is legally insufficient).[7]

Appellants failed to produce evidence raising a fact issue regarding whether they were legally entitled to recover uninsured motorist benefits. Consequently,

---

[7] Further, appellants do not explain how the excluded documents probably resulted in an improper judgment. *See Interstate Northborough P'ship v. State*, 66 S.W.3d 213, 220 (Tex. 2001) ("To reverse a judgment based on a claimed error in admitting or excluding evidence, a party must show that the error probably resulted in an improper judgment.").

11

the trial court properly granted appellees' no-evidence motion for summary judgment.  We overrule appellants' second issue.

### C. Motion for New Trial

In their third issue, appellants contend that the trial court erred in refusing to grant their motion for new trial and setting aside its order granting summary judgment to appellees.  They argue that because they obtained a judgment against Orozco, they established their entitlement to recover from an uninsured motorist and, therefore, the ground upon which appellees based their no-evidence motion no longer applies.

After the trial court granted summary judgment, appellants proceeded to trial on their negligence claim against Orozco.  On May 1, 2013, the trial court signed its judgment in favor of appellants, awarding them damages for personal injuries and property damage sustained as a result of the collision.  Appellants filed a motion for new trial arguing that the summary judgment granted to appellees should be set aside because the trial court had determined that appellants were legally entitled to recover from an uninsured motorist.  Their motion was subsequently overruled by operation of law.

Courts have construed the phrase "legally entitled to recover" to mean that the insured must establish the uninsured motorist's fault and the extent of the resulting damages before becoming entitled to recover uninsured motorist benefits.

12

*See e.g., Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006) (stating that insurer was under no contractual duty to pay benefits until underinsured obtained judgment establishing liability and underinsured status of other motorist); *Henson v. Southern Farm Bureau Cas. Ins. Co.*, 17 S.W.3d 652, 653 (Tex. 2000); *Wellisch v. United Servs. Auto. Ass'n*, 75 S.W.3d 53, 56 (Tex. App.—San Antonio 2002, pet. denied); *State Farm Mut. Auto. Ins. Co. v. Grayson*, 983 S.W.2d 769, 770 (Tex. App.—San Antonio 1998, no pet.). Although the judgment in this case establishes Orozco's liability, it is silent as to whether she was insured on the date of the accident. Further, a review of the reporter's record reveals no reference to Orozco as an uninsured motorist.

We review a trial court's ruling on a motion for new trial under an abuse of discretion standard. *See Moody*, 830 S.W.2d at 85. Viewing the evidence submitted to the trial court in the light most favorable to the court's ruling, we conclude that the trial court did not abuse its discretion in allowing appellants' motion for new trial to be overruled by operation of law. *Intercontinental Terminals Co., LLC*, 354 S.W.3d at 892. We overrule appellants' third issue.

## Conclusion

We affirm the trial court's judgment.

Russell Lloyd
Justice

Panel consists of Chief Justice Radack and Justices Brown and Lloyd.