# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-18-00691-CV

---

**Superior HealthPlan, Inc. and William Brendle Glomb, MD, Appellants**

**v.**

**Linda Badawo, Individually, and as Next Friend of D. B. (formerly known as D. M.), a Minor, Appellee**

---

### FROM THE 53RD DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-18-003168, THE HONORABLE DON R. BURGESS, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Superior HealthPlan, Inc. and its senior medical director, Dr. William Glomb, (collectively, Superior) appeal from an interlocutory order denying their motion to dismiss Linda Badawo's lawsuit pursuant to the Texas Citizens' Participation Act (TCPA). *See* Tex. Civ. Prac. & Rem. Code §§ 27.001–.011.[1] Badawo sued Superior alleging it wrongfully denied Medicaid benefits to her adopted son D.B. and that he suffered serious personal injuries as a result.[2] We will affirm the district court's order denying the motion to dismiss.

---

[1] The Texas Legislature has recently amended the TCPA, but those amendments do not apply to this case. All citations to the TCPA are to the version in effect in 2018.

[2] We refer to D.B., a minor, by his initials to protect his privacy.

D.B. and his twin sister (not a party to this appeal) were born prematurely at twenty-five weeks with a variety of medical issues. D.B. in particular had breathing difficulties and depended on a ventilator, a machine that pushed oxygen into his lungs through a tracheostomy tube threaded through an incision in his throat. D.B. learned to breathe on his own after several months, but the tube remained in place to keep his airway open. The State obtained custody of D.B. and his sister and, following their release from the hospital, placed them in foster care with Linda Badawo, a pediatric nurse, who eventually petitioned to adopt them.

Both children were entitled to Medicaid benefits through a program administered by the state Health and Human Services Commission (HHSC). Superior is a private organization that contracts with HHSC to deliver Medicaid benefits to foster children and certain persons with disabilities. Superior initially approved one-on-one nursing care for both children. Around the time of D.B.'s first birthday, Badawo asked Superior to upgrade D.B.'s care from twelve to twenty-four hours a day because he was pulling out his tracheostomy tube multiple times a day. Superior refused. Superior subsequently informed her that it would now pay for only a single nurse for both children. After Superior refused to reconsider either decision, Badawo appealed to HHSC. *See* 1 Tex. Admin. Code § 357.3 (2019) (Tex. Health and Human Servs., Authority and Right to Appeal) (authorizing "[c]lients of Medicaid-funded services" to appeal certain actions regarding a reduction in benefits or refusal to approve care).

The appeal was still pending in October 2016 when Badawo traveled to Nigeria to visit relatives. The children were placed in different foster homes because Badawo's petition to

---

[3] We draw this factual summary from Badawo's live petition. Superior denies her factual allegations but argues it is entitled to reversal even if her description of events is correct.

adopt them had not been approved by this time. Shortly afterwards, a nurse at D.B.'s new home (but not assigned to him) noticed that D.B. had pulled out his tracheostomy tube and was not breathing. He had no detectible pulse and was taken to the emergency room where doctors revived him. D.B. suffered significant brain damage from loss of oxygen to his brain for approximately forty minutes. As a result, he now experiences an average of six seizures a day. Superior then approved Badawo's request for twenty-four-hour one-on-one nursing care. Badawo subsequently adopted D.B. and his sister.

Badawo, as D.B.'s next friend, then sued Superior asserting causes of action for failing "to exercise ordinary care when making health care treatment decisions," Tex. Civ. Prac. & Rem. Code § 88.002(a), common-law negligence, negligence per se, breach of fiduciary duty, and fraud. Superior filed a motion to dismiss all claims under the TCPA. The district court denied the motion without stating its reasons, and this appeal ensued. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(12) (authorizing appeal from interlocutory order denying TCPA motion to dismiss).

## BADAWO'S CAPACITY

Superior initially argues that Badawo lacks standing to sue as D.B.'s next friend because she has legally adopted him. *See In re Bridgestone Ams. Tire Operations, LLC*, 459 S.W.3d 565, 572 & n.9 (Tex. 2015) (orig. proceeding) (holding minors cannot sue by next friend if a parent has legal authority to represent them in court). Superior characterizes this as a challenge to Badawo's standing, but it actually concerns her capacity. "The issue of standing focuses on whether a party has a sufficient relationship with the lawsuit so as to have a 'justiciable interest' in its outcome, whereas the issue of capacity 'is conceived of as a procedural

3

issue dealing with the personal qualifications of a party to litigate.'" *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005) (quoting 6A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure: Civil 2d § 1559, at 441 (2d ed. 1990)). Because minors generally lack capacity, they must appear in court through a next friend or another person with "the capacity to sue on their behalf." *Id.* at 849 (emphasis added); *see In re KC Greenhouse Patio Apartments, LP*, 445 S.W.3d 168, 172 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding) (explaining "[t]he next friend is present in a representative capacity only" (citation omitted)). And unlike standing, "a challenge to capacity may be waived." *In re Bridgestone*, 459 S.W.3d at 573. Preservation of error requires a party to make a "timely request, objection, or motion" and either obtain a ruling or object to the trial court's refusal to rule. Tex. R. App. P. 33.1(a). Superior included a footnote in its answer stating that it "reserves its right to contest Linda Badawo's standing to seek legal relief on behalf of this minor." Dr. Glomb included substantively the same statement in his answer, but neither actually argued to the district court that she lacked capacity or requested a ruling on that issue. We therefore conclude Superior has not preserved this issue for review.

## TCPA DISMISSAL MECHANISM

The TCPA creates a multi-step process for dismissal of claims based on the defendant's exercise of the rights to speak freely, petition, or associate. Tex. Civ. Prac. & Rem. Code § 27.003; *see id.* § 27.001(2)–(4) (defining exercise of protected rights). The party bringing the motion has the initial burden to establish "by a preponderance of the evidence that the legal action is based on, relates to, or is in response to the party's exercise" of one of the rights protected by the TCPA. *Id.* § 27.005(b). If the movant makes the required showing, the

4

burden shifts to the nonmovant to "establish[] by clear and specific evidence a prima facie case for each essential element of the claim in question." *Id.* § 27.005(c). If the nonmovant establishes the required prima facie case, the burden returns to the movant to establish "by a preponderance of the evidence each essential element of a valid defense to the nonmovant's claim." *Id.* § 27.005(d).

"Intertwined with and overlying this multi-step dismissal process is the TCPA provision exempting certain actions from the TCPA's application." *Morrison v. Profanchik*, ___ S.W.3d ___, ___, No. 03-17-00593-CV, 2019 WL 2202210, at *2 (Tex. App.—Austin May 22, 2019, no pet. h.); *see* Tex. Civ. Prac. & Rem. Code § 27.010 (establishing four exemptions). If the movant carried its initial burden to show the TCPA applies, the trial court then considers whether the nonmovant's claims fall within any exception raised by the movant. *Morrison*, 2019 WL 2202210, at *2. The nonmovant bears the burden to demonstrate that her claims fall within a statutory exemption. *Toth v. Sears Home Improvement Prods., Inc.*, 557 S.W.3d 142, 152 (Tex. App.—Houston [14th Dist.] 2018, no pet.).

The TCPA directs courts considering a dismissal motion to "consider the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based." Tex. Civ. Prac. & Rem. Code § 27.006(a). We review de novo whether each party carried its assigned burden. *Long Canyon Phase II & III Homeowners Ass'n v. Cashion*, 517 S.W.3d 212, 217 (Tex. App.—Austin 2017, no pet.). To the extent that involves construction of a statute, that is also an issue of law we review de novo. *Youngkin v. Hines*, 546 S.W.3d 675, 680 (Tex. 2018). When construing a statute, we seek to give effect to the legislative intent, looking first to the statute's plain language. *Lippincott v. Whisenhunt*,

462 S.W.3d 507, 509 (Tex. 2015) (per curiam). If that language is unambiguous, "we interpret the statute according to its plain meaning." *Id.*

## ANALYSIS

Superior argues in three issues that the district court erred in concluding Superior failed to carry its initial burden or that Badawo established either the applicability of an exemption or a prima facie case for each claim. Badawo responds that Superior failed to show the TCPA applies and, even if it does, her claims fall within three of the exemptions to the TCPA's applicability. In the alternative, Badawo argues she established a prima facie case for each of her claims. We will assume without deciding that Superior carried its initial burden (the subject of its first issue) and turn to whether Badawo's claims fall within an exemption. *See Schlumberger Ltd. v. Rutherford*, 472 S.W.3d 881, 891 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (assuming without deciding that movant carried initial burden).

Section 27.010(c) provides that the TCPA "does not apply to a legal action seeking recovery for bodily injury, wrongful death, or survival or to statements made regarding that legal action." Tex. Civ. Prac. & Rem. Code § 27.010(c). Superior argues that this exemption is unavailable to Badawo because she asserted claims under Section 88.002 of the Civil Practice and Remedies Code. That section provides that a health insurance carrier, health maintenance organization, or managed care organization is liable for damages proximately caused to an insured or enrollee by their failure to "exercise ordinary care when making health care treatment decisions." *Id.* § 88.002(a). Those entities are also responsible for damages caused by their failure to ensure their employees, agents, or representatives meet the same standard when making health care treatment decisions. *Id.* § 88.002(b). Superior argues that

6

each of Badawo's claims—including her common law claims—is a "health care liability claim" under Chapter 88 and that she "cannot now recast [her] health care liability claims as a claim for bodily injury in order to survive dismissal."

Superior relies primarily on *Alexander v. Colonnades Health Care Center*, No. 14-16-00500-CV, 2017 WL 4930885 (Tex. App.—Houston [14th Dist.] Oct. 31, 2017, no pet.) (mem. op.), a case where, according to Superior, the court of appeals held a health care liability claim "cannot be recast as a bodily injury claim." However, *Alexander* addressed a motion to dismiss pursuant to Chapter 74. Specifically, Section 74.351 requires a plaintiff asserting a health care liability claim to file a report from a qualified expert providing an opinion on the merits of the claim or the case must be dismissed on the defendant's motion. *See* Tex. Civ. Prac. & Rem. Code § 74.351(a) (requiring health care liability plaintiff to file expert report in support of claim), (b) (requiring dismissal of claim on defendant's motion if report not timely filed); *see also id.* § 74.001(a)(13) (defining health care liability claim). Whether a claim is a health care liability claim depends "on the facts underlying the claim, not the form of, or artfully-phrased language in, the plaintiff's pleadings." *Loaisiga v. Cerda*, 379 S.W.3d 248, 255 (Tex. 2012). Applying this rule, the court in *Alexander* rejected the plaintiff's "attempt to recast her [health care liability] claim as an assault." 2017 WL 4930885, at *6. These requirements apply to a plaintiff asserting claims under Chapter 88. *See* Tex. Civ. Prac. & Rem. Code § 88.002(k) ("An enrollee who files an action under this chapter shall comply with the requirements of Section 74.351 as it relates to expert reports."). But the record does not reflect Superior ever filed a motion to dismiss for failure to file an expert report. Even if we assume Chapter 88 applies to all of Badawo's claims—an issue we do not decide here—that fact is

7

relevant only if claims brought under that statute cannot also be "bodily injury" claims under Section 27.010(c).

Superior argues that Section 27.010(c) applies only to a cause of action for "bodily injury." But even if there was a cause of action by that name, the actual text of the exemption provides that the TCPA "does not apply to a legal action *seeking recovery* for bodily injury, wrongful death, or survival." Tex. Civ. Prac. & Rem. Code § 27.010(c) (emphasis added). This contrasts with the language of Section 27.010(d), which explicitly provides that the TCPA "does not apply to a legal action brought under the Insurance Code." *Id.* § 27.010(d). Section 27.010(c) contains no similar language exempting only a specific cause of action, and we "may not judicially amend [the TCPA] by adding words that are not contained in the language of the statute." *ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 900 (Tex. 2017) (per curiam) (quoting *Lippincott*, 462 S.W.3d at 508)); *see In re M.N.*, 262 S.W.3d 799, 802 (Tex. 2008) (instructing courts construing statutes to presume "that words not included were purposefully omitted"). Applying section 27.010(c) as written, we conclude the exemption applies when a claim seeks recovery for bodily injury and does not distinguish based on the type of claim asserted. *See* Tex. Civ. Prac. & Rem. Code § 27.010(c); *see also Cavin v. Abbott*, 545 S.W.3d 47, 57 (Tex. App.—Austin 2017, no pet.) (holding an assault claim fell within bodily injury exemption because it "seeks recovery for alleged injuries that are plainly of this character"); *Kirkstall Rd. Enterprises, Inc. v. Jones*, 523 S.W.3d 251, 253 (Tex. App.—Dallas 2017, no pet.) (holding bodily injury exemption applied to plaintiff's suit against documentary producers because plaintiff "seeks to recover for the bodily injuries—four gunshot wounds—that he claims he sustained as a result of Kirkstall's negligence in editing and producing its

8

program"). We therefore conclude Section 27.010(c) can apply to a claim alleging medical negligence under Chapter 88 if that claim seeks recovery for bodily injury.

We next consider whether Badawo's claims fall within the exemption. The TCPA does not define the term "bodily injury," but this Court has explained it "denotes '[p]hysical damage to a person's body.'" *Cavin*, 545 S.W.3d at 57 (quoting Black's Law Dictionary 906 (10th ed. 2014)). Badawo asserts throughout her live petition that she seeks recovery for "brain damage and ongoing pain, suffering, [and] disability" suffered by D.B. On this record, we conclude Badawo carried her burden to demonstrate that her claims fall within the bodily injury exemption.[4] We overrule Superior's second issue. We do not reach Superior's third issue, regarding whether Badawo established a prima facie case for her claims, because our conclusion here makes it unnecessary. *See Morrison*, 2019 WL 2202210, at *2 ("If an action falls under a TCPA exemption, the TCPA does not apply and may not be used to dismiss the

---

[4] Badawo originally asserted a claim for intentional infliction of emotional distress in her personal capacity. After Superior filed its TCPA motion, Badawo amended her petition to drop the claim by omission. *See FKM P'ship, Ltd. v. Board of Regents of Univ. of Hous. Sys.*, 255 S.W.3d 619, 632 (Tex. 2008) ("In civil causes generally, filing an amended petition that does not include a cause of action effectively nonsuits or voluntarily dismisses the omitted claims as of the time the pleading is filed"). Superior argues in its motion to dismiss that the claim survives Badawo's nonsuit. We agree. A nonsuit does not control the fate of an opposing party's independent claim for affirmative relief. *Villafani v. Trejo*, 251 S.W.3d 466, 469 (Tex. 2008). Superior's motion qualifies as a claim for affirmative relief because it seeks dismissal with prejudice, attorney's fees, and costs as allowed by the TCPA. *See Hawxhurst v. Austin's Boat Tours*, 550 S.W.3d 220, 232 n.4 (Tex. App.—Austin 2018, no pet.) (holding TCPA dismissal motion is claim for affirmative relief that survives nonsuit). But Superior's only argument on appeal concerning the dismissed claim is that it is a "health care liability claim" under Chapter 88 of the Civil Practice and Remedies Code and that Badawo cannot recast it as a bodily injury claim to avoid dismissal. We reject that argument for the reasons discussed. On the arguments before us, we conclude Superior failed to carry its burden to show the district court erred by denying its motion to dismiss the nonsuited claim. *See Miles v. Lee Anderson Co.*, 339 S.W.3d 738, 743 (Tex. App.—Houston [1st Dist.] 2011, no pet.) ("The party appealing the trial court's judgment bears the burden to show that the judgment is erroneous." (citing *Murray v. Devco, Ltd.*, 731 S.W.2d 555, 557 (Tex. 1987))).

action." (citing Tex. Civ. Prac. & Rem. Code § 27.010; *State ex rel. Best v. Harper*, 562 S.W.3d 1, 11 (Tex. 2018))).

## CONCLUSION

We affirm the district court's order.

_____

Edward Smith, Justice

Before Chief Justice Rose, Justices Kelly and Smith

Affirmed

Filed:   August 8, 2019